## STAHL *against* JARRETT.

### IN ERROR.

In an action for money had and received, to recover money received by the defendant from the sheriff, arising from the sale of the lands of a person against whom both the plaintiff and defendant had judgments, it is competent for the plaintiff to show by parol evidence, that the defendant's judgment, which was the oldest, had been satisfied before the money came into the sheriff's hands: That it was kept on foot by covin and fraud, and that he, (the plaintiff,) was not a party to a rule entered in the suit in which the defendant's judgment was obtained, to show cause why that judgment should not be postponed; nor to the following entry on the record, made the next day: "Settled by compromise between the parties."

THE record of this case having been returned on a writ of error to the Court of Common Pleas of *Lehigh* county, accompanied by four bills of exceptions to the rejection of evidence, it appeared, that the plaintiff in error, *John Stahl,* brought an action in the court below against *John Jarrett,* the defendant in error, for money had and received, by the latter to the use of the former.. The money, amounting to five hundred dollars, was received by *Jarrett* in the year 1819, from *Anthony Musick,* former sheriff of *Lehigh* county, out of the proceeds of the sale of the real estate of a certain *John Hanger,* by virtue of an alleged judgment in his favour against the said *John Hanger* and one *John Witzell,* Jr. entered in the Court of Common Pleas of *Lehigh* county on the 20th of *November,* 1815, for eight hundred dollars.  Upon this judgment no execution had issued.

The plaintiff, *Stahl,* had a judgment for one thousand dollars, entered in the same court against the said *John Hanger,* on the 21st of *July,* 1818, upon which executions issued, and the land of *Hanger* was sold.   He claimed the proceeds of the sale, alleging, that *Jarrett's* judgment had been paid, or satisfied by the defendants in that judgment, or one of them, before the money was received by the sheriff; or, that for other reasons, the defendant's judgment was not a valid, subsisting judgment.

After having proved the receipt of the money by the defendant

from the sheriff in the year 1819, the plaintiff called, as a witness, *Thomas Amey,* and proposed to prove by him a conversation, alleged to have taken place in his presence, between *John Jarrett* and *Jacob Witzell,* touching the bond on which the judgment of *Jarrett* against *Hanger.* and *Witzell* was obtained, in which *Jarrett* acknowledged, that he had delivered up the said bond to *Hanger,* and purchased it again from *Hanger* at a subsequent period. To this evidence the defendant's counsel objected, on the ground, that the record of the suit, *Jarrett* v. *Hanger* and *Witzell,* contained the following entries:—

"*February* 2d, 1819.—Rule to show cause why the above judgment should not be postponed," &c.

"*February* 3d, 1819.—Settled by compromise between the parties."

The court sustained the objection, and at the request of the plaintiff's counsel, sealed a bill of exceptions.

The plaintiff then called as a witness, *Jacob Hartzell,* and offered to prove by him, who were the parties to the settlement entered of record, as mentioned above, other than those persons whose names appear of record, as parties to the suit. This testimony was also objected to by the defendant's counsel, and rejected by the court, to whose opinion, the counsel for the plaintiff took a second exception.

The subject of the third bill of exceptions, was an offer by the plaintiff to prove, by *Jacob Hartzell,* that *John Stahl,* (the present plaintiff,) was not a party, or privy to the settlement of record, in the said suit, which evidence the court rejected, on an objection to it by the counsel for the plaintiff.

The plaintiff then offered to prove by *John Hanger,* Jr., that prior to the year 1819, *John Jarrett* had delivered up to his father, the before-mentioned *John Hanger,* the bond on which the judgment was obtained by *Jarrett* against *Hanger* and *Witzell,* on the 20th of *November,* 1815, and that afterwards, and prior to the year 1819, *Jarrett* had purchased the said bond from the said *John Hanger,* for five dollars. This evidence being objected to by the counsel for the defendant, it was rejected by the court, upon which a fourth bill of exceptions was tendered by the plaintiff's counsel, and sealed by the court.

A verdict was given for the defendant, upon which judgment was rendered, whereupon the plaintiff sued out a writ of error.

*C. Davis* and *Stroud,* for the plaintiff in error.—*Jarrett* held a judgment, obtained in 1815, and *Stahl* one, obtained in 1818, both binding the real estate of *Hanger,* which in 1819, was sold under the latter judgment. The sheriff, under the idea that *Jarrett's* judgment is a valid and subsisting one, pays the proceeds of the sale to him. It is afterwards discovered, that this judgment is satisfied, and *Stahl,* who was consequently entitled to the money, which *Jarrett* had received from the sheriff, by collusion with *Hanger,*

(Stahl *v.* Jarrett.)

brings this action to recover it. This is, shortly, the case the plaintiff below proposed to prove. For this purpose, he offered evidence to show, that although the judgment remained upon the record, the bond had been delivered up, as he alleged, to be cancelled; and that, therefore, the judgment was no longer a subsisting one. To the entry on the record of the suit, *Jarrett* v. *Hanger*, he contended, he was neither a party nor a privy; and offered to prove that fact by evidence. The court, however, decided, that he was a privy, and estopped from contradicting the record. The entry in question, was not the act of the court, but of the parties, and is not, properly speaking, any part of the record. But if it were the act of the court, it could not bind the plaintiff in this cause without notice, which he never received, actual or constructive. He could not have received notice, as the rule to show cause why the judgment should not be postponed, was taken on the 2d of *February*, and the entry of "settled by compromise between the parties," was made the next day. The evidence offered by the plaintiff, and rejected by the court below, went to show, that he was neither a party nor a privy to that transaction, and that if there was not positive fraud, there was at least *suppressio veri*, in concealing the fact, that the bond had been delivered up. If the offer had been directly made to prove fraud, it could not have been refused, even if the evidence contradicted the record. Here the evidence offered tended to prove fraud, and did not contradict the record, but explained it by matter *dehors*. The entry alluded to, did not show the judgment to be a subsisting one, for it did not indicate the parties or privies, except the parties on the record. The only persons who can be affected, are parties and privies in blood, or in estate, and it is not pretended, that the plaintiff held either character. All the cases establishing the principle, that a judgment cannot be inquired into, refer to parties. A judgment certainly binds the parties to it, and this is all that is decided. Estoppels are odious, and governed by strict principles. If the plaintiff was estopped by a compromise between the parties, it rested with the other side to show that he was a party. The court below not only did not require this to be done, but would not permit him to show who really were the parties. This was clearly error. 1 *Phill. Ev.* 226. *Stevelie* v. *Read,* 2 *Wash. C. C. Rep.* 274. *Leather* v. *Poultney,* 4 *Binn.* 356. *Lazell* v. *Miller,* 15 *Mass. Rep.* 207.

Admitting the right of the plaintiff to compel *Jarrett* to enter satisfaction on the judgment, under the act of the 13th of *April*, 1791, which is by no means clear, it would not help him to get back the money which the defendant has wrongfully received from the sheriff.

*Brooke* and *Scott*, for the defendant in error.

1. The entry of the rule to show cause why *Jarrett's* judgment should not be postponed, and the subsequent entry of, "settled by compromise between the parties," justified the defendant in receiving

(Stahl *v.* Jarrett.)

the money from the sheriff. It was conclusive upon all persons interested in the application of that money. The entry was matter of the record, for it formed part of the proceedings in the cause. *The Berks and Dauphin Turnpike Company.* v. *Hendel,* 11 *Serg. & Rawle,* 123. If the entry was part of the record, it imports absolute verity, and cannot be contradicted. 3 *Bl. Com.* 24. 1 *Inst.* 260. 1 *Phill. Ev.* 238. *Randall's Peake,* 34. 1 *Phill. Ev.* 245. 2 *Hen. & Munf.* 55. The inquiry, then, is reduced to this: was *Stahl* a party or a privy to that proceeding? He was a party at law. It was in his suit that the money was made. The application to postpone *Jarrett's* judgment, was made at the next term, and every person who had a judgment binding the land, the proceeds of which were in the sheriff's hands, was a party. Who made the motion, the record does not show; but that it was for the benefit of the plaintiff, is proved by the present action, the foundation of which is, that if *Jarrett's* judgment had been postponed, he would have got the money. The case then stands thus:—A man forces a sale of another's property, and if he can succeed in postponing an earlier judgment, he will be paid. An application for that purpose is made to the court, and the matter is compromised. Can it be pretended, that a creditor thus situated, is not a party? Upon such an application, the parties are, the prior judgment creditors on one side, and the subsequent judgment creditors on the other. The proceeding is in the nature of a proceeding *in rem,* and is governed by the same rules. The entry on the record was, therefore, conclusive upon all who had an interest in the subject. *Stahl,* undoubtedly, had an interest in the entry, and the law presumes him to have been heard. Besides, having made the money by his execution, he was bound to see to the distribution of it. *Strickland* v. *Strickland,* 6 *Serg. & Rawle,* 102. If the plaintiff was not a party to the proceeding, he was a privy. Privies are such as are partakers, or have any interest in any action or thing, or relation to another. 1 *Burns's Law Dict.* 572. *Wood. b. 2, c. 3.* 5 *Jacobs's Law Dict.* 285. The plaintiff was obviously a partaker in the transaction. Standing in the relation of a judgment creditor, he was interested in the application. In every point of view, he falls within the definition of a privy. How can he allege that he had not notice, when the very subject of the controversy, the money in the sheriff's hands, was raised by his own act? It was his duty to be represented, and not the duty of the defendant to give him notice to come in and defend his rights. He was in court, and bound by all that passed. This case may be assimilated to that of an administration bond, where a suit is brought by one creditor in the name of the commonwealth, and the result of it is conclusive upon all. *Carl et al.* v. *The Commonwealth,* 9 *Serg. & Rawle,* 63. It resembles, too, the case of a prescriptive mode of tything, or a customary right of way. The principle in such cases is, that all who are interested are privies. There are but three classes of persons known, in reference to re-

(Stahl *v.* Jarrett.)

cords: *first*, parties; *second*, privies, both of whom are bound; and, *third*, strangers, who are not. It cannot be pretended, that the plaintiff, who was the prime mover in the matter, was a stranger. If there had been an express adjudication on the subject, there would have been no room for doubt. *Gratz* v. *The Lancaster Bank*, 17 *Serg. & Rawle*, 278. A compromise of record, with the approbation of the court, is equivalent to an adjudication. The question of party or privy to the record in dispute, is a question of law, to be determined by the court on an inspection of the record itself. *Croswell* v. *Byrnes*, 9 *Johns. Rep.* 287. If the court decide, that *Stahl* was a party or a privy, they cannot do away that decision by parol evidence, which is the result to which the proposed testimony would lead; still less can it be permitted in favour of a party who has himself given the record in evidence.

A conclusive answer to the whole of the plaintiff's case is, that the money was received under a judgment of record, and while that remains, it cannot be recovered back. Besides, the plaintiff comes too late. The defendant received the money in question in 1819, under an agreement sanctioned by the court. In 1825, this suit was brought, in which the plaintiff asks the court, at this late day, to overhaul the whole matter, merely because he did not attend to his own business at a proper time. His proper course would have been to give notice to *Jarrett*, to enter satisfaction on his judgment, under the act of assembly of the 13th of *April*, 1791.

The opinion of the court was delivered by

ROGERS, J.—The *gravamen* of the plaintiff's suit is a fraud of the defendant, for which, under the circumstances of this case, the action for money had and received is the appropriate remedy. The defendant alleges the money was received by virtue of a good, valid, and subsisting judgment; but whether the judgment is subsisting and unsatisfied is the very matter in controversy. The plaintiff alleges payment or other satisfaction, and that the judgment is kept on foot by fraud; that it is between other parties, and that he is indirectly, although not directly interested in it. This case is similar in principle to a suit brought by a creditor against an executor, who pleads *plene administravit prœter*, &c., goods and chattels not sufficient to pay outstanding and unsatisfied judgments, &c. to which the plaintiff may reply, and by this means put the validity of the judgment in issue, that the judgments were obtained, and kept on foot by covin and fraud. It is manifest, that the act of the 13th of *April*, 1791, directing satisfaction to be entered on judgments, furnishes no remedy to the plaintiff, for taking it for granted, that he has such an interest as to entitle him to request satisfaction to be entered, (which is not altogether clear;) yet, a resort to the mode pointed out by the defendant would afford him no relief, as, on a refusal to enter satisfaction, it would merely subject the

(Stahl *v.* Jarrett.)

judgment creditor to a penalty to the party aggrieved, in a sum not exceeding one-half the debt or damages.

But, it is contended, the validity of the judgment is *res judicita,* and they rely on the entry, that on the 2d of *February,* 1819, there was a rule to show cause why the judgment should not be postponed, and on the 3d of *February,* 1819, there was entered on the docket, " settled by compromise between the parties." There is nothing in this entry which shows that the plaintiff was a party to this proceeding: on the contrary, he offers to prove that he neither obtained the rule, nor was he aware of the compromise. But it is said, that if not a party; yet he might have been, and that he is equally concluded by the decree of the court. In the first place, it strikes me that this cannot, with any propriety, be considered as the act of the court, but as a controversy between other parties, and a settlement of their claims without any adjudication by the court. We are too well aware of the manner in which such entries are made, to give them the effect of a judicial decision. But, if the court had passed upon the validity of the judgment, it is clear it would bind only the parties. Had there been a decree of the court, distributing the money raised by the sheriff's sale, such an adjudication would have been conclusive, because the court would have taken care that all persons interested should have had notice; but it appears to me that the proceeding does not partake of that character. There was no rule to bring the money into court, which would be necessary to give it jurisdiction over the money made by the sheriff's sale. It was a rule obtained in that suit which affects the parties, but not a stranger, which the plaintiff alleges and offers to prove he was. If such an entry as this is to bind others who are not parties, and without any notice or opportunity of being heard, it requires but little reflection to perceive the great fraud and injustice which would be the necessary consequence. We are of the opinion that the Court of Common Pleas erred in rejecting the testimony; that the judgment should be reversed, and a *venire. facias de novo* awarded.

Judgment reversed, and a *venire facias de novo* awarded.