## Longenecker *against* Zeigler.

Upon the receipt, by a plaintiff in a judgment, from the sheriff, of more money out of the proceeds of the sale of real estate than he is entitled to, an action can not be maintained in the name of the defendant whose property was sold to recover it back, although brought for the use of another creditor, who would be entitled to receive it from the sheriff. The action should be in the name of the sheriff. Whether such action could be maintained in the name of a creditor entitled to the money (*Quære*).

ERROR to the district court of the city and county of *Lancaster. Hays*, president.

This action for money had and received was brought in the name of *Christian Longenecker* for the use of *Samuel Bossler* against *Conrad Zeigler*, and arose out of these facts. *Longenecker* became indebted, and judgments were obtained against him by several persons, and among others by *Conrad Zeigler* the defendant: his real estate was levied and sold by the sheriff, and of the proceeds of the sale, *Zeigler* received, in satisfaction of his judgment, 1774 dollars; he had previously received, from the defendant interest on account of his claim, which had not been credited on the judgment, so that he received about 250 dollars more than he was entitled to, and it was to recover this sum back that this action was brought. *Samuel Bossler* was a judgment creditor to whom the money would have been appropriated if *Zeigler* had not received it improperly. The only question of importance presented to the court, was, whether the action was rightly brought in the name of *Longenecker* for the use of *Bossler*. The court was of opinion that it was not, and rendered a judgment for the defendant, which was the error assigned.

*Jenkins*, for plaintiff in error.
*Heckert*, for defendant in error.

PER CURIAM.—The name of *Longenecker* was used as the legal plaintiff under a supposition that he had the legal title. But in this species of action, which, in substance, is said to be a bill in equity, there is no distinction between legal and equitable title, he being the legal party who is entitled to the money. But *Longenecker* was not entitled beneficially or even as a trustee for the creditors, for the law is not so unreasonable as to attribute to him the ownership of what it has itself divested him and appropriated to the extinguishment of his debts. Who then was entitled to the money here? The sheriff's is the hand to pay out, and a mispayment may undoubtedly be recovered back by him in an action founded on the special property which he has in the money, as the bailee of the law; so that the

action here might have been brought with perfect safety in his name. It might also, perhaps, have been safely brought in the name of *Bossler*, the creditor ultimately entitled; for, though there is no privity between him and the defendant, the money, when it has been received *mala fide*, may be pursued specifically on the owner's right of property. Here there would seem to be enough in the case to authorize a jury to find that the money was received *mala fide;* or perhaps, a legal presumption to that effect would necessarily arise from the facts. But all difficulty on this and every other ground would have been avoided by proceeding in the name of the sheriff.

　　Judgment affirmed.