## W. H. HINDMARCH v. EDWARD HOFFMAN.

ERROR TO THE COURT OF COMMON PLEAS OF ERIE COUNTY.

Argued May 1, 1889—Decided June 28, 1889.

[To be reported.]

(a) Savanack stole from Hindmarch, the plaintiff, a sum of money, $400 of which he deposited with Hoffman, the defendant, to be returned to him or upon his order. The defendant did not know of the theft or that the plaintiff claimed the money, until so notified by the plaintiff's attorney, but after the notice he paid the money to the holder of an order from Savanack.

1. In such case, the duty of the defendant to hold the money for the plaintiff and, upon satisfactory proof of ownership, to pay it over to him, raised an implied promise so to do, and assumpsit for money had and received could be maintained.

Before PAXSON, C. J., STERRETT, WILLIAMS, McCOLLUM and MITCHELL, JJ.

No. 113 January Term 1889, Sup. Ct.; court below, No. 198 February Term 1887, C. P.

On March 2, 1887, a declaration in the common counts was filed in an action of assumpsit brought by William H. Hindmarch against Edward Hoffman, claiming the sum of $400. The defendant pleaded non-assumpsit, with leave, etc.

By agreement in writing, the cause was submitted to the decision of the court, without a jury, under the act of April 22, 1874, P. L. 109, and on February 22, 1888, the court, GUNNISON, P. J., filed the following decision:

### FINDINGS OF FACT.

On the morning of October 10, 1885, one Richard Savanack stole from the plaintiff, in Buffalo, N. Y., a sum of money, $400 of which upon the same day he deposited with the defendant, to be returned to him or upon his order. There is no allegation that the defendant knew the money was stolen at the time, and as a fact I find he did not know it. He was afterwards notified by the attorney for the plaintiff that the plaintiff

### Decision of Court below.

claimed the money, that it had been stolen from him by Sava-nack, and after this notice he paid it, upon the order of Sava-nack, to Messrs. Brundage, Weaver & Bell, of Buffalo, receiving from them a bond to indemnify him against any liability to any other person for the money. Upon his refusal afterwards to pay the amount to the plaintiff, this action in assumpsit was brought.

### CONCLUSIONS OF LAW.

I have been unable to find any authority sustaining the right to maintain assumpsit in a case of this kind. The rules governing the action are well established, and require that there should be privity of contract, express or implied, between the parties, in order to maintain it: Finney v. Finney, 16 Pa. 380; Wells v. Stewart, 5 Binn. 325; Allen v. Irwin, 1 S. & R. 549. "To maintain assumpsit, privity of contract, either express or implied, is necessary. The mere fact of one man's money coming into the hands of another does not, in law, raise such an implied promise as will sustain an action therefor:" Hoopes v. Stott, 2 Chester Co. R. 40. "A plaintiff cannot waive a tort and proceed in assumpsit, except where there is a contract, either express or implied:" Boyer v. Bullard, 102 Pa. 555: Bethlehem Bor. v. Perseverance Fire Co., 81 Pa. 445.

In this case there certainly was no express promise made by the defendant to pay the money deposited with him to the plaintiff. The express contract, on the contrary, was that he should repay it to Savanack, who deposited it with him. There being such an express promise, it cannot be said there was an implied promise to pay it to the plaintiff. Such a promise would be inconsistent with, and, if performed, would defeat the performance of the express promise to pay Savanack. It would be absurd to say such a promise could be implied in this case.

In each of the cases cited by the plaintiff's counsel as authority for this action, there was a promise either express or implied. In Lee v. Gibbons, 14 S. & R. 105; Aycinena v. Peries, 6 W. & S. 243; and McCafferty v. Brady, 19 W. N. 553, the opinions of the court show that the decisions were based upon express promises. In McAllister v. Hoffman, 16 S. & R. 147, and Forscht v. Green, 53 Pa. 138, the Supreme Court decided that money bet upon an election could be recovered by

the person depositing it with the stakeholder if demanded before payment to the winner, on the ground that such a bet, being prohibited by law, there was an implied promise on the part of the stakeholder to repay the money to its legal owner. The case of McCullough v. McCullough, 14 Pa. 295, is not in point. It was there decided that "when one takes the personal property of another, the owner may waive the tort and maintain assumpsit for its value." But this action is not against the taker of the money. If it were against Savanack, the principle would apply. In that case the law would imply a promise to repay.

I am clearly of the opinion that the plaintiff cannot recover in this action.

And now, February 22, 1888, the prothonotary is directed to file this decision and give notice of its filing to the parties or their attorneys, and if no exceptions are filed hereto within thirty days after giving such notice, the prothonotary is directed to enter judgment hereon against the plaintiff and in favor of the defendant.

Exceptions filed by the plaintiff to the foregoing decision were subsequently dismissed, and judgment entered in favor of the defendant. The plaintiff thereupon took this writ, specifying that the court erred:

1. In deciding that the action of assumpsit could not be maintained upon the findings of fact stated in the decision.

2. In directing the entry of judgment in favor of the defendant, and in not entering judgment in favor of the plaintiff.

*Mr. Theo. A. Lamb* (with him *Mr. C. L. Baker*), for the plaintiff in error.

Submitting that the action of assumpsit could be maintained, and that the plaintiff was entitled to judgment, counsel cited: Clarke v. Shee, 1 Cowp. 197; Mason v. Waite, 17 Mass. 558; Sergeant v. Stryker, 1 Harr. (N. J.) 464 (32 Am. Dec. 404); 2 Greenl. Ev., 13th ed., §§ 102, 120; McCullough v. McCullough, 14 Pa. 295; McAllister v. Hoffman, 16 S. & R. 147; Forscht v. Green, 53 Pa. 138; Rohm v. Borland, 5 Cent. R. 562.

*Mr. S. M. Brainerd,* for the defendant in error:

The cases cited by the court below sustain the conclusion that assumpsit would not lie. There was neither an express nor an implied promise to pay the money to plaintiff, and no privity of contract between the parties: 1 Chitty Pl., 99; Willet v. Willet, 3 W. 277.

OPINION, MR. JUSTICE STERRETT:

This case having been submitted for trial, without a jury, according to the provisions of the act of April 22, 1874, P. L. 109, the learned president of the Common Pleas found the facts substantially as follows:

On the morning of October 10, 1885, Richard Savanack stole from plaintiff, in Buffalo, N. Y., a large sum of money, four hundred dollars of which he afterwards, on the same day, deposited with defendant, to be returned to him or upon his order. When defendant received the money, he was ignorant of the fact that it had been stolen from plaintiff by Savanack, but, while it was still in his possession and under his control, he was notified of that fact by plaintiff's attorney, and that plaintiff claimed it as his property. Notwithstanding the notice, he afterwards paid the money, " upon the order of Savanack, to Messrs. Brundage, Weaver & Bell, of Buffalo, receiving from them a bond to indemnify him against any liability to any other person for the money." Afterwards, upon defendant's refusal to pay the amount to plaintiff, this action of assumpsit was brought to recover the same.

It does not appear to have been even questioned in the court below, that, upon the established facts, plaintiff had a good cause of action, but the learned judge was of opinion that he could not recover in the present form of action, and he accordingly entered judgment for defendant. His conclusions of law were duly excepted to, and they now constitute the specifications of error before us.

As found by the learned judge, the money sued for as money had and received by defendant to the use of plaintiff, never belonged to Savanack, nor could he have legally recovered any part of it. On the contrary, it was plaintiff's money, stolen from him by Savanack, and by the latter left with the defendant. While it was thus in his custody and under his control,

he was fully informed of the theft, and also that plaintiff, as owner of the money, claimed it. Under these circumstances, it was clearly his duty to hold it for plaintiff, and, upon satisfactory proof of ownership, to pay it over to him. From the existence of that duty the law raised an implied promise by defendant to do so, but, in disregard of his duty in the premises, he paid it over, on the order of the thief, to parties who had no right whatever to receive it. Justice demands that he should now be compelled to pay the amount to the rightful owner, and there is no good reason why it should not be recovered in the present form of action.

In Clarke v. Shee, 1 Cowp. 197, it was held that case, for money had and received, will lie by the true owner of money against a third person into whose hands it came mala fide, provided its identity can be traced or ascertained. Referring to the form of action in that case, Lord MANSFIELD characterized it as " a liberal action in the nature of a bill in equity; and if, under the circumstances of the case, it appears that the defendant cannot in conscience retain what is the subject matter of it, the plaintiff may well support this action."

In 2 Greenl. Ev., 13 ed., §§ 102 and 120, the principle is thus stated : " Where the defendant is proven to have in his hands the money of plaintiff, which ex æquo et bono he ought to refund, the law conclusively presumes that he has promised to do so, and the jury are bound to find accordingly, and after verdict the promise is presumed to have been actually proved." " So, if money of the plaintiff has in any other manner come to the defendant's hands, for which he would be chargeable in tort, the plaintiff may waive the tort and bring assumpsit on the common counts."

Assumpsit was also sustained in Mason v. Waite, 17 Mass. 558, upon the following facts : Bank notes, done up in a package, were delivered by the owner to a carrier, who, without authority, paid them to a third party for a loss at a faro table. In an opinion sustaining a judgment in favor of the owner of the notes, against the party to whom they were thus paid, the chief justice, after remarking that trover would have been the better action but for the difficulty of identifying bank notes, said : " We do not see, however, why the action for money had and received will not lie. The notes were paid and received as

money, and as to any want of privity or any implied promise, the law seems to be that where one has received money of another, and has not a right conscientiously to retain it, the law implies a promise that he will pay it over."

The defendant, in the case at bar, did not better his position by improperly handing over the money in question to those who had no right whatever to receive it, after he knew it had been stolen and that plaintiff was its true owner. The undisputed facts connected with his possession of the money, immediately before he parted with it, are quite sufficient to raise such an implied promise as will support assumpsit. We are therefore of opinion that the court erred in not entering judgment in favor of plaintiff for the amount claimed, viz.: four hundred dollars with interest from May 24, 1886, the time suit was commenced before the city recorder.

Judgment reversed and judgment is now entered in favor of the plaintiff and against the defendant for four hundred dollars with interest from May 24, 1886, and costs.