## Dixon *v.* Owens, Appellant.

*Bailment—Conversion by bailee.*

Where an owner of a horse permits his trainer to keep the horse at a race track in the trainer's name, but subsequently reveals his ownership and pays the owner of the race track his charges for feed and keep, and attempts to take possession of the horse but is forceably prevented by the trainer, who claims, without authority, a lien on the horse for his services, and thereafter the trainer with the acquiescence and permission of the race track owner takes away the horse, and converts it to his own use, the owner of the horse has a right of action against the owner of the race track for the value of the horse.

Argued Oct. 8, 1902.    Appeal, No. 287, Oct. T., 1901, by defendant, from judgment of C. P. No. 3, Phila. Co., Sept. T., 1898, No. 1434, on verdict for plaintiff in case of William B. Dixon v. Bernard C. Owens.    Before Rice, P. J., Beaver, Orlady, W. W. Porter and W. D. Porter, JJ.    Affirmed.

Trespass for conversion of a horse.    Before McMichael, J. The facts appear by the opinion of the Superior Court. Verdict and judgment for plaintiff for $300.

*Errors assigned* were portions of charge.

· *John Monaghan*, of *Monaghan & Phillips*, for appellant.— The mere assertion of ownership, or the mere assertion of the right to the exercise of control or dominion over the chattel, without in any way interfering with the property or the owner's right to control it, is not evidence of conversion : Shaw v. Swope, 8 Pa. Superior Ct. 491 ; England v. Cowley, L. R. 8 Ex. 126 ; Ragsdale v. Williams, 8 Ired. L. 498 ; Irish v. Cloyes, 8 Vt. 30 ; Traylor v. Horra, 4 Blackf. 317.

There was no duty on the part of the defendant to place the horse in the actual possession of the plaintiff.    It was sufficient if he placed no obstacle in the way of the plaintiff's recovery of the same : Fifield v. Maine Cent. R. R. Co., 62 Me. 77 ; O'Connell v. Jacobs, 115 Mass. 21 ; Ware v. First Cong. Society, 125 Mass. 584 ; Houghton v. Butler, 4 T. R. 364 ; Roll v. Black, Dudley (Ga.), 18.

*Sidnny L. Krauss*, with him *William A. Carr*, and *W. Horace Hepburn*, for appellee.—That this action on the part of Owens in permitting Fitzsimmons to take the horse after having been notified that Dixon owned same, was a trover and conversion, is clearly and unequivocally established in Pennsylvania in the following cases: Robinson v. Hodgson, 73 Pa. 202; Hindmarch v. Hoffman, 127 Pa. 284; Weston v. National Transit Co., 19 W. N. C. 378; King v. Richards, 6 Wharton, 418; Story on Bailment, sections 52 to 102.

Opinion by William W. Porter, J., November 19, 1902:

The defendant, Owens, was the proprietor of a saloon and race track in the suburbs of the city of Philadelphia. One Fitzsimmons, a trainer, brought to the track a race horse and lodged him in a stall on the defendant's premises. Fitzsimmons raced him under his own name and collected the winnings. The real owner of the horse was the plaintiff, Dixon, who frequently visited the track, and, after a time, notified Owens of his ownership. Owens up to this time had regarded Fitzsimmons as the owner, and had a charge for feed, etc., against the horse. Dixon, having had a disagreement with his trainer, paid Owens his charges in consideration of which, Owens agreed to deliver the horse to Dixon. He attempted to do this by directing Fitzsimmons to open the stall door. He opened it, but stood in the doorway, with pitchfork in hand, claiming that he had a lien on the horse for services as trainer. Owens thereupon withdrew, as did Dixon, who, however, in doing so notified Owens that he would hold him responsible for the non-delivery of the horse. Two days later Dixon went with a constable for the horse and found that it had been removed from the premises of Owens by Fitzsimmons. Thereupon Dixon brought this action for damages against Owens, as for a conversion, and recovered a verdict. The evidence in the cause would have warranted the trial judge in permitting a recovery by the plaintiff on his title and the possession shown in Owens, since Owens was a bailee who after notice and recognition of title in another than the original bailor, permitted the latter, who was not the owner, to remove the chattel from premises over which the bailee had control. See Robinson v. Hodgson, 73 Pa. 202, and Hindmarch v. Hoffman, 127 Pa. 284. The

trial judge, however, thought that on the facts exhibited, a doubtful possession was shown in Owens, but submitted the case to the jury to find whether Owens, in dealing with the plaintiff, acted in good faith. There was some testimony which might lead to the inference that there was collusion between Owens and Fitzsimmons. The submission of the case was as beneficial to the defendant as he could expect. He could have prevented the removal of the plaintiff's horse. He had received notice of and had recognized the plaintiff's ownership. Fitzsimmons did not claim to be the owner as against the plaintiff. The defendant, after notice, permitted the removal of the horse from his premises by Fitzsimmons. The evidence made out a case of conversion under the law and the plaintiff's recovery was warranted. The damages suffered were the value of the horse. These have been assessed in the trial had. No reversible error appearing, the judgment is affirmed.