# Owens, Appellant, *v.* Goldie.

*Equity—Jurisdiction—When and how question of jurisdiction may be raised.*

The question of jurisdiction in equity may be raised at any time before findings of fact and conclusions of law, but the better practice is to meet the bill with a demurrer.

*Actions—Assumpsit—Money had and received—Liability of defendant for money that he ought to have received—Equity.*

In an action for money had and received a recovery may be had for money that a defendant ought to have received, and if money due the plaintiff remains in the hands of a third party because of a scheme on the part of the defendant to defraud or delay the plaintiff, he cannot be heard to assert as a matter of defense that he has not received it. In such a case equity has no jurisdiction.

*Equity—Money had and received—Adequate remedy at law.*

The allegations in a bill in equity were that defendant assigned to plaintiff one-half interest in certain inventions, and also a one-half interest in all improvements made in connection therewith; that at the time of the assignment there was an outstanding license to a third person for the use of the inventions in consideration of certain royalties and that there had been paid to defendant on account of these royalties a fixed and specified

amount which he unjustly detained; that defendant with plaintiff's consent and with the express understanding and agreement that both were to share equally in the transaction, sold the entire interest in the letters patent for a large sum, one-half of which had been paid to defendant, the other half being retained by the vendees in consequence of a notice from the defendant that he did not recognize the right of plaintiff to a share of the purchase money and requesting them to retain it as stakeholders. *Held*, that the plaintiff had an adequate remedy at law and that a decree dismissing the bill should be affirmed.

Argued Nov. 3, 1905. Appeal, No. 197, Oct. T., 1905, by plaintiff, from decree of C. P. No. 2, Allegheny Co., Oct. T., 1903, No. 373, dismissing bill in equity in case of Samuel T. Owens v. William Goldie. Before MITCHELL, C. J., FELL, BROWN, MESTREZAT, ELKIN and STEWART, JJ. Affirmed.

Bill in equity for determination of rights of parties in royalties, and purchase money for patents. Before SHAFER, J.

Objection to bill on ground that plaintiff had an adequate remedy at law.

The material facts are set forth in the opinion of the Supreme Court.

*Error assigned* was decree dismissing bill.

*D. F. Patterson* and *W. B. Rodgers*, with them *J. M. Freeman*, for appellants.—Equitable jurisdiction does not depend on the want of a common-law remedy, for such remedy may be inadequate to meet all the requirements of a given case, or to effect complete justice between the parties : Bierbower's App., 107 Pa. 14; Kirkpatrick v. McDonald, 11 Pa. 387 ; Warner v. McMullin, 131 Pa. 370 ; Gray v. Citizens' Gas Co., 206 Pa. 303 ; Penna. R. R. Co. v. Bogert, 209 Pa. 589.

No objection to the jurisdiction having been raised until after hearing, the appellee waived his right to have the bill dismissed on that ground : Penna. R. R. Co. v. Bogert, 209 Pa. 589.

*Clarence Burleigh*, of *Burleigh, Gray & Challener*, with him *Kay, Totten & Winter*, for appellee.

OPINION BY MR. JUSTICE STEWART, January 2, 1906 :
A demurrer to this bill would have been fatal. Nothing is

set out in connection with plaintiff's claim that distinguishes it, so far as concerns the remedy for its enforcement, from those cases which find their appropriate and convenient remedy in a common-law action. The allegations in the bill are (1) that defendant, to whom had been granted letters patent for certain inventions, assigned to the plaintiff a one-half interest therein, as well as a one-half interest in all improvements made in connection with said inventions, with an agreement for a quarterly settlement of all profits derived from the patents; (2) that at the time of the assignment there was an outstanding license in Dilworth Porter & Company, Limited, for the use of the inventions covered by the letters patent in consideration of certain royalties; and that there had been paid to defendant on account of plaintiff's share in these royalties, the sum of $10,746.76, which he unjustly detains; (3) that on November 8, 1902, defendant, with plaintiff's consent and approval, and with the express understanding and agreement that both were to share equally in the transaction, sold the entire interest in the letters patent to Dilworth, Porter & Company, Limited, for the consideration of $100,000, the one-half of which sum has been paid to the defendant, the other half being retained by Dilworth, Porter & Company, Limited, in consequence of a notice from the defendant, to the effect that he did not recognize the right of the plaintiff to the purchase money, and asking them to retain it as a stakeholder until the settlement of the matters in dispute was reached.

The case as thus presented is simply a demand for money had and received to plaintiff's use, one item being on account of royalties received, and the other on the sale of the patent, both being ascertained and fixed in amount. The circumstance that plaintiff is without right of action against Dilworth, Porter & Company, Limited, does not affect the case. If they stand clear of all liability to him and are accountable only to the defendant, it is because of the course of dealing he chose to adopt —for a purpose which finds its proper explanation in the evidence, but which calls for no remark here, except that it is one always obnoxious to equity—in allowing Dilworth, Porter & Company, to act in the belief that defendant was the sole and exclusive owner of the patent. Nor does the fact that the whole of the purchase money has not passed into the hands of the de-

fendant.  In an action for money had and received, a recovery may be had for money that a defendant ought to have received. We so held in Paul v. Grimm, 165 Pa. 139, where the very question was raised and met.  If this purchase money, though due, yet remains in the hands of the purchaser because of a scheme on the part of the defendant to defraud or delay the plaintiff, he could not be heard to assert as matter of defense that he had not received it.

Instead of a demurrer, which we repeat must have proved fatal to the bill, for the reasons we have stated, defendant filed an answer, and upon issue joined testimony was taken.  Before any findings the court was asked on behalf of defendant, to conclude that it had no jurisdiction to entertain the bill or grant the relief prayed for.  The court so concluded and dismissed the bill accordingly.

What we have said above is sufficient expression of our view as to the proper remedy at the outset.  It is argued here, however, that the action of the court in dismissing the bill was unwarranted in that it came too late ; that by answering and permitting the case to proceed until the testimony was all taken, defendant waived objection to the jurisdiction.  The cases are not infrequent, where the court has refused to entertain objection to the equity jurisdiction, when made for the first time in connection with the appeal.  Submission to the jurisdiction, until overtaken with defeat on the merits, has been always held to be a waiver by the party, when adequate remedy without violence to settled rule could be obtained through either form, law or equity.  But that was not the case here ; objection was made before any finding, and it was upon the objection that the bill was dismissed.  Unquestionably the better practice in such cases is to meet the bill with a demurrer in the first instance ; but this court has never gone so far as to hold that the question of jurisdiction could only be raised by demurrer. True, in Penna. R. R. Co. v. Bogert, 209 Pa. 589, our late Brother, Justice DEAN, quotes from a decision of Judge LOWRIE in the district court, to the effect that want of jurisdiction must be taken advantage of by demurrer, and not by objection ; but that he intended to assert this as a general rule of practice is not to be supposed, when in the same connection, and disposing of the case immediately before the court, he says : " Ob-

jection in this case is first made to the jurisdiction in the argument in this court, which objection to the jurisdiction can, generally, be made at any stage of the proceeding. Objection to the jurisdiction of equity on the ground that the proceedings should have been instituted on the law side of the court, will not be entertained, unless made within a reasonable time after bill filed." The case thus referred to does not advance at all beyond the settled rule as asserted in Edgett v. Douglass, 144 Pa. 95, and repeated in many cases, that where parties submit to the jurisdiction and take their chances of a decree in their favor, the objection on appeal will not, as a general rule, avail, unless the want of jurisdiction is so plain that the court would feel justified in dismissing the bill on its own motion.

Defendant took no chances in the court below for a favorable finding; it is the appellant who is the disappointed party. The right to a common-law action remains to him, and through it he can obtain all the redress he is entitled to.

Decree affirmed.