## APPROPRIATIONS FALLING UNDER THE BURNS LAW.

Circuit Court of Noble County.

SARAH M. HURST v. INCORPORATED VILLAGE OF BELLE VALLEY.

Decided, November Term, 1907.

*Municipal Corporations—Ordinance Appropriating Money for a Dike—*
*Within Provisions of the Burns Law—Appropriation—Injunction—*
*Section 1536-205.*

An ordinance of a municipal corporation appropriating private property
for the building of a dike is an ordinance for the expenditure of
money and is void if no certificate has been previously filed and
recorded by the proper officer as required by Section 1536-205 of the
Revised Statutes, known as the Burns law; and an injunction will
be granted restraining the municipality from proceeding in the
probate court to assess compensation to the land owner for the land
appropriated.

*Okey & Frazier*, for plaintiff in error.
*Dye & Smith*, contra.

COOK, J.; BURROWS, J., and LAUBIE, J., concur.

Error to Noble Common Pleas Court.

The council of the Incorporated Village of Belle Valley in
this county duly passed a resolution and an ordinance to build a
dike within said corporation and also to appropriate the pri-
vate property of the plaintiff, Sarah Hurst, for that purpose;
the costs of the same to be paid out of the general fund. After
the passage of such resolution and ordinance a proceeding was
commenced by the solicitor on behalf of the village in the pro-
bate court of the county to assess the compensation to be paid to
plaintiff as damages for such appropriation.

Immediately upon the commencement of such proceeding
plaintiff instituted a suit in the common pleas court to enjoin
the village from prosecuting such action. A temporary injunc-
tion was granted by the common pleas court which, upon final
hearing, was dissolved and the case is now before us on error.

At the time of the passage of the resolution and ordinance no
certificate such as is provided, in Section 1536-205, had been

filed with council that the money necessary to pay the amount of the compensation to the plaintiff in error or the costs of the proceeding was in the treasury, and that was the ground upon which the injunction was sought in the court below and the only reason assigned before us why the injunction should have been allowed.

The question is therefore directly made: Whether or not in such case such certificate must be filed and recorded before the passage of the resolution and ordinance and, if not, is such resolution and ordinance void? No serious contention is made but that if the case is one that is controlled by Section 1506-35 that the proceedings in council were void and hence the injunction should have been allowed.

There has been no direct decision by our Supreme Court upon this question and the decisions by our circuit courts are directly opposed to each other.

In the case of *Tyler* v. *City of Columbus*, 6 C. C. R., 224, it was decided in the second circuit that when a city council deems it necessary to condemn private property for street purposes, that the statute does not apply and no certificate is necessary, while in the case of *Rhodes et al* v. *City of Toledo et al*, in the same volume, page 9, the court in the sixth circuit held directly the reverse.

These are the only two cases we find reported that have been decided by the circuit court of the state where the question of the appropriation of private property is directly involved.

From the opinion in the case of *Tyler* v. *City of Columbus* it appears that the reason for the decision in that case was that in appropriation cases damages are indeterminate, that therefore the amount in the treasury necessary for the improvement could not be ascertained, and that therefore the Legislature did not intend that a certificate should be filed in such cases. It might be said in answer to that, as it was said in *Rhoades et al* v. *Toledo et al*, all that was required is for the auditor to exercise his best judgment.

Without entering into a discussion of the controversy, we have only to say that that difficulty has been considered in several adjudicated cases since the determination of the case of

*Tyler* v. *City of Columbus*, in which cases that objection is held to be more fanciful than real.

In the case of *L. H. Bond* v. *Village of Madisonville*, 2 C. C. R., 449, first circuit, it was held that a contract made between a village and an attorney at law for professional services, he to receive for his services the reasonable value thereof, was held to be within the statute and absolutely void, and that no recovery could be had for the value of the services rendered by the attorney. The opinion of Chief Justice Smith makes a strong case and is difficult to answer.

The case of *Braman* v. *Elyria*, 5 C. C.—N. S., 387, affirmed without report, 73 O. S., 346, is not applicable to this case, as in that case a certificate was filed and recorded and the only question was as to whether or not it was done in time.

We have said that there is no direct decision of our Supreme Court upon this question, but at the same time there have been decisions that indirectly tend to show that an ordinance for the appropriation of land for a public improvement is controlled by the statute.

In the case of *Ryan et al* v. *Hoffman et al*, 26 O. S., 109, the section of the statute was under consideration. The principal question involved was whether or not it applied to cases where the ordinance was passed prior to the date of the act or to ordinances passed subsequent to the date of the act appropriating money to pay expenditures made under such prior ordinances, and it was held it did not, but in the opinion it is said:

"The ordinance condemning the land in question is an ordinance for the expenditure of money but it was passed and took effect in September, 1872, long before the law in question was passed and therefore is not affected by it; and the passage of the ordinance of March, 1875, appropriating money for the payment of the land condemned under the former ordinance was not in contravention of the third section of the law."

In the case of *City of Cincinnati* v. *Holmes, Adm'r, et al*, 56 O. S., 104, Judge Minshall says in the opinion on page 113:

"It may be said that the indebtedness is not created until a contract for the improvement is made. It is true that it does not exist in favor of any particular creditor, nevertheless, on

making the order the successive steps—the advertisement for bids, action on them, the letting of the work and making of the required contract—all follow as a necessary sequence under the statute. If the council should refuse to take any of these steps without cause, it could be compelled by mandamus to do so. Hence, if the Burns law can have any application to this statute, according to its spirit it must apply to the order of council that the improvements be made. It is this order that fixes and entails the indebtedness upon the corporation. It is in fact an order for the expenditure of money."

We are therefore of opinion that an ordinance for the appropriation of private property such as is involved in this case is an ordinance for the expenditure of money and that such ordinance is void for the reason that no certificate was filed and recorded as required by the act.

The judgment of the court of common pleas must therefore be reversed, and the court proceeding to render such judgment as that court should have rendered, a perpetual injunction is granted as prayed for in the petition.