## Novak v. Casole et al.

*Attachment under Act of 1869 — Stolen money — Implied assumpsit — Indebtedness—Act of March 17, 1869.*

1. An action may be commenced by an attachment under the Act of March 17, 1869, P. L. 8, to recover money alleged to have been stolen from the plaintiff.

2. While the Act of 1869 only authorizes an attachment where there is an indebtedness, a theft of money creates an implied promise to pay, which is sufficient to permit an action of *assumpsit* for the indebtedness.

Attachment. C. P. Washington Co., Feb. T., 1927, No. 107.

*J. Salem Flack,* for plaintiff.

*Dounan & Miller* and *Paul D. Carmichael,* for defendants.

BROWNSON, P. J.—This action, commenced by a writ of attachment under the Act of March 17, 1869, P. L. 8, is to recover money alleged to have been

stolen from the plaintiff. The defendants have moved the court "to quash the above-entitled action" upon the ground that the plaintiff's affidavit shows that the money sued for was obtained by the defendants tortiously, and does not show an indebtedness in any amount to the plaintiff; and, "further, that the above-entitled action was in error, being based upon a tort, which was an unliquidated claim, and not upon a cause of action arising *ex contractu.*"

Passing over the question whether the proper procedure of the defendant is a motion to "quash the action" or a motion to dissolve the attachment, we shall (in view of the fact that the brief of counsel substantially asks the court, if of opinion that a prayer for a dissolution would be the proper prayer, so to treat the prayer contained in this motion) consider the merits of the objection made to the plaintiff's right to have an attachment.

The Act of 1869 allows an action for the recovery of a debt to be commenced by attachment when (1) the defendant has done, or is about to do, certain acts, the result of which would be to withdraw his effects from the creditor's reach, or (2) has "fraudulently contracted the debt or incurred the obligation for which such claim is made." "The act of assembly only authorizes an attachment of this kind where there is an indebtedness, and the action under our Procedure Act is necessarily *assumpsit:*" Nesbett *v.* Tamler, 2 Lacka. Jurist, 139. In the instant case the præcipe for the writ directed the issue of a writ of attachment "in tort" under the Act of 1869, but the prothonotary corrected this error by issuing an attachment in *assumpsit.* As the nature of the action is determined by the writ as actually issued, this action is one of *assumpsit.* The only question, then, is whether the affidavit filed shows an indebtedness for a liquidated sum owing to the plaintiff. That it does so, we have no doubt.

An express contract is not always necessary to cause an indebtedness to arise. It may arise upon an implied contract. And in many cases the law will imply a promise to pay, giving rise to an indebtedness, as the result of a transaction amounting to a tort. When the possession of money belonging to another has been tortiously obtained, the law will, from the mere fact that the money so in the hands of its possessor belongs and is known to belong to the other, imply a promise to pay it to the owner, and upon that basis will vest in the owner a right to sue for and recover it in an action of *assumpsit* for money had and received: Hindmarch *v.* Hoffman, 127 Pa. 284, and authorities therein cited. And this applies to money the possession of which has been obtained by theft. While, if the subject of the theft be a chattel, no debt can arise in respect of it before the thief has sold it and received its proceeds (when the money so by him received may be sued for in *assumpsit* upon the ground that, as proceeds of the stolen article, it becomes, if the owner of the article stolen so elects, his money), yet, when the theft was of cash, the thief "was justly indebted to [the owner] for the money so taken the moment he seized it with intent to steal it:" O'Neill *v.* Brown, 17 Dist. R. 1062. "There is no doubt that an attachment under the Fraudulent Debtors Act may be issued to recover money stolen, and the duty to return it constitutes an indebtedness contemplated by the act:" Franklin Trust Co. *v.* Hegh, 6 D. & C. 231, citing Mechanics' National Bank *v.* Miners' Bank, 13 W. N. C. 226; Love-Thompson Co. *v.* Brass, 70 Pitts. L. J. 501; Maitland Driving Park Ass'n *v.* Fisk, 3 Lacka. Leg. News, 210; and O'Neill *v.* Brown, 17 Dist. R. 1062.

Although the plaintiff's affidavit is somewhat inartificial, in that it avers that the indebtedness of the defendant to him arose "upon a tort," yet it states facts, the legal effect of which is to give rise to an implied promise to

pay, creating an indebtedness and laying the basis for the action of *assumpsit.* We have not been convinced by the arguments of the defendants, nor by any of the authorities cited by them, that this attachment will not lie.

And now, May 9, 1927, after argument, the defendants' motion or petition is dismissed.

From Harry D. Hamilton, Washington, Pa.