## Caskie, Appellant, *v.* Philadelphia Rapid Transit Company.

158

Argued January 10, 1936. Before KEPHART, C. J., SCHAFFER, MAXEY, DREW and LINN, JJ.

*C. Brewster Rhoads,* with him *Montgomery & McCracken,* for appellant.

*John V. Lovitt,* with him *Frederic L. Ballard,* of *Ballard, Spahr, Andrews & Ingersoll,* for appellee.

OPINION BY MR. JUSTICE LINN, March 23, 1936:
Assumpsit for money had and received: the cause of action alleged is defendant's tortious interference with

plaintiff's contract relations with International Railway Company. The appeal is from an order sustaining a statutory demurrer (section 20, Practice Act of 1915, P. L. 483) on the ground that no cause of action is set forth in the amended statement of claim.

After alleging his contract of employment with International Railway Company, performance by him, and the resulting obligation of International Railway Company to pay him for his services, plaintiff avers that defendant and International Railway Company with knowledge of those facts, fraudulently conspired (by representing that defendant and not plaintiff was entitled to the compensation payable for the services) to refuse to pay plaintiff's claim, and, instead, to pay to defendant the sum of $40,000 as compensation for the services rendered by plaintiff, thereby unjustly enriching itself in that amount in circumstances in which the law implied a promise on defendant's part to pay said sum to plaintiff. This suit is to recover that sum. The wrong was accomplished, plaintiff avers, by means of a common management in charge of International Railway Company and Philadelphia Rapid Transit Company. In holding that no cause of action was pleaded, the learned court below said: "The difficulty with Plaintiff's case is that Defendant does not have in its hands money belonging to Plaintiff, but money which belongs either to Defendant or to International Railway Company. Plaintiff's right of action against the International Railway Company continues unimpaired."

The judgment must be reversed. Plaintiff relies on the general principle that a "contract confers certain rights on the person with whom it is made, and not only binds the parties to it by the obligation entered into, but also imposes on all the world the duty of respecting that contractual obligation."[1] In *Angle v. C., St. P., etc., Ry. Co.*, 151 U. S. 1, 13, BREWER, J., said: "It has been

---

[1] LOPES, L. J., in *Temperton v. Russell* [1893], 1 Q. B. 715, 730.

repeatedly held that, if one maliciously interferes in a contract between two parties, and induces one of them to break that contract to the injury of the other, the party injured can maintain an action against the wrong-doer": (citing authorities).

For such interference an action in tort lies.[2]  Or, the injured party may elect to redress the wrong in assumpsit for restitution of what the tort-feasor received, as appears by the cases considered in this opinion.  A third remedy may be available; one obtaining property by malicious interference with the contract of another may be answerable in equity as a trustee ex malificio in respect to that property: *Angle v. C., St. P., etc., Ry. Co.,* supra, at page 55.[3]

In the argument on behalf of defendant it is said that the amended statement "fails to show that this was money of, or owed the plaintiff," and that plaintiff should not recover "since International in paying defendant, had no intention of paying plaintiff's claim, and the defendant demanded and received the money not for plaintiff but in its own right."  If those are the facts defendant will have opportunity to show them.  At this stage of the proceeding we may not consider defendant's account of the transaction; defense on the merits is not before us; our consideration is limited to the amended statement.  A speaking demurrer is bad: *Steel v. Levy,* 282 Pa. 338, 341, 127 A. 766; *Jackson v. State Mutual Ben. Soc.,* 95 Pa. Superior Ct. 56, 61; *Wright v. Weber,* 17 Pa. Superior Ct. 451.

---

[2] *Bausbach v. Reiff,* 244 Pa. 559, 91 A. 224; *Flaccus v. Smith,* 199 Pa. 128, 136, 48 A. 894; *O'Neil v. Behanna,* 182 Pa. 236, 37 A. 843; see *Erdman v. Mitchell,* 207 Pa. 79, 56 A. 327; *Lumley v. Gye,* 2 El. & Bl. 216, 118 Eng. Repr. 749; *So. Wales Miners' Federation v. Glamorgan Coal Co.* [1905], A. C. 339.

[3] When there is an adequate remedy at law, the bill will be certified to the law side: *Second Nat. Bank v. Samuel & Son, Inc.,* (C. C. A. 2) 12 F. (2d) 963.

It was also suggested in the opinion filed by the learned court below that it was not enough to aver that defendant had committed the tort and thereby enriched itself without also showing that "what has been added to the defendant's estate has been taken from the plaintiff's." If the court meant that recovery could not be allowed because plaintiff had not had the sum in his hands, the conclusion must be rejected as contrary to the decisions in this State. The inquiry is, Has the defendant, in the circumstances stated, received money or property which he is not entitled to keep and which in equity and good conscience should be paid to plaintiff in accordance with principles of natural justice? If he has, the plaintiff may recover. Section 10 (1), *Restatement of the Law of Restitution and Unjust Enrichment,* Tentative Draft No. 1, states the rule as follows: "If a person, intending thereby to pay a debt, has paid money to another in the mistaken belief that such other is the creditor, the person who in fact was the creditor is entitled to obtain the money from the payee, unless the payee is a bona fide purchaser [or] unless the payor reclaims."[4] Certainly if a third party, receiving payment by mistake, must account to the creditor, a party should not escape who, by fraud, procured payment of money, due another, to be made to himself. The principle has been applied in this Commonwealth for a long time. In *Durdon, Exr., v. Gaskill,* 2 Yeates 268, 272, (1798) recovery was allowed in indebitatus assumpsit. The court said: The action "was brought against her as a devisee, who received moneys in trust for Springet Penn, to which she had no just claim." In *M'Coy v. Scott,* 2 Rawle 221, 222, (1828) an administrator had collected rents of property "leased by the intestate in his lifetime; and the question is, whether the administrator be a trustee for the creditor or heirs. We are of the opinion, the money was re-

---

[4] See page 258 et seq. for discussion of the rule and reference to decisions dealing with the subject.

ceived for the benefit of the heirs."[5]  In *Stahl v. Jarrett,* 2 Rawle 449, 452, (1830) it appeared that Stahl brought an action for money had and received and showed that Jarrett had received the money from the sheriff in distribution of proceeds of the sale of real estate in circumstances in which the sheriff should have paid the plaintiff instead of the defendant.  While the verdict for the defendant was set aside for error in the exclusion of evidence, this court said: "The *gravamen* of the plaintiff's suit is a fraud of the defendant, for which, under the circumstances of this case, the action for money had and received is the appropriate remedy."  In *Longenecker v. Zeigler,* 1 Watts 252, (1832) the suit was to the use of Bossler, a judgment creditor, for a sum alleged to have been an overpayment to another judgment creditor in distribution of the proceeds of a sheriff's sale.  The question was whether the action was properly brought in the name of the legal plaintiff.  In holding that it was not properly brought the court said: "It might also, perhaps, have been safely brought in the name of Bossler, the creditor ultimately entitled; for, though there is no privity between him and the defendant, the money, when it has been received *mala fide,* may be pursued specifically on the owner's right of property.  Here there would seem to be enough in the case to authorize a jury to find that the money was received *mala fide;* or perhaps, a legal presumption to that effect would necessarily arise from the facts."  In *Owens v. Goldie,* 213 Pa. 579, 62 A. 1117, it was held that the plaintiff instead of proceeding in equity to recover his share of the consideration of personal property sold, which share the purchaser had not paid to the nominal vendor on notice of plaintiff's claim, should have proceeded in assumpsit for money had and received.  In *Gaffney's Est.,* 146 Pa. 49, 23 A. 163, the principle was applied in allowing recovery of a claim presented in the orphans' court.  See, also, *Hindmarch*

[5] THAYER, J., reached the same conclusion in *Fidelity Ins., etc., Co. Guardian, v. Norris,* 14 W. N. C. 225.

*v. Hoffman,* 127 Pa. 284, 18 A. 14; *Greenwich Bank v. Commercial Banking Corp.,* 85 Pa. Superior Ct. 159, 163.

From these cases it is clear that privity of contract has not been deemed necessary; that recovery may be had where the defendant received payment by mistake, and also where he obtained payment by fraud. Recovery has not been limited to cases in which something has been taken from plaintiff's pocket.

In *Lestapies v. Ingraham,* 5 Pa. 71, (1846) a claim was made for money paid to defendant in distribution on account of compensation allowed in satisfaction of the so-called French spoliation claims. Laussat's assignee for creditors (the real defendant) had presented and received payment of a claim for the confiscation of a cargo shipped by Laussat in which Lestapies had an interest. Lestapies claimed the right to recover his proportionate share of the sum received (pursuant to the French treaty) by Laussat's assignee. It was held in an opinion by GIBSON, C. J., that Lestapies could follow "the *gratuitous compensation* of his loss into the hands of one who had received it for his use."[6] The case was cited with approval in *Millingar v. Hartupee,* 53 Pa. 362. In the light of these decisions clearly supporting the right of action it is unnecessary to consider cases from other jurisdictions cited in the briefs.[7]

The judgment appealed from is reversed with a procedendo.

Mr. Justice BARNES did not participate in the decision in this case.

---

[6] "The point is not whether a definite something was taken away from plaintiff and added to the treasury of defendant. The point is whether defendant unjustly enriched itself by doing a wrong to plaintiff in such manner and in such circumstances that in equity and good conscience defendant should not be permitted to retain that by which it has been enriched": *Federal Sugar Refining Co. v. U. S. Sugar Equalization Board,* 268 F. 575, 582, (D. C. N. Y.).

[7] See, however, *Heywood v. Northern Assurance Co.,* 133 Minn. 360, 158 N. W. 632; *Bates-Farley Savings Bank v. Dismukes,* 107 Ga. 212, 33 S. E. 175.