## Kantor & Rubin Florists, Inc., v. Savadove & Getson, Inc., et al.

*B. H. Levintow*, for complainant.

*A. J. Levy*, for respondents.

SMITH, P. J., March 24, 1949.—This matter comes before the court on preliminary objections to a bill in equity. The bill is filed by Kantor & Rubin Florists, Inc., which concern is engaged in the retail flower business, a considerable portion of which consists of furnishing and supplying flowers and floral decorations to persons conducting functions such as weddings, balls, dances and celebrations which take place in various halls around and about Philadelphia.

Defendant, a corporation, and the individual officers named as defendants in the bill, conduct three places in the City of Philadelphia at which they cater foods and beverages for people having weddings, dances, balls, etc., on their premises.

The bill alleges that defendants had entered into independent contracts with people conducting balls, parties, etc., on the catering premises of defendants, and that on a number of occasions plaintiffs had entered into independent contracts with those parties to furnish floral decorations at the celebrations. Plaintiffs aver that defendants thereupon on several occasions notified the party giving the weddings, balls, etc., that if they employed plaintiffs for the purposes of placing floral decorations in the catering establishment of defendants, that defendants would cancel their contracts for catering and refuse to serve the said parties. The bill further avers that the corporation and the three individual defendants also notified plaintiffs that they would not permit them to place their flowers or floral displays in the premises of defendant at any of the functions; that defendants made

false, malicious and untruthful statements regarding plaintiffs and their business reputation; that they would induce every person or persons who had entered, or will enter into contracts for the floral displays or flowers for any affair conducted on the premises of defendants, to cancel their contracts with plaintiff. Plaintiff avers that the action of defendant corporation and its officers and agents in bringing about the breach of contract entered into by plaintiff in good faith with third parties, by the aforesaid illegal methods, has resulted in large and substantial damage to plaintiff's business and good will; that the expressed threats on the part of defendants to continue with such interference with contracts of plaintiff with third parties will result in irreparable injury and loss to plaintiff for which there exists no adequate remedy at law.

Plaintiff prays that defendant corporation and its officers and agents, and David Savadove, Hattie Savadove and Al Getson, be restrained preliminarily until final hearing and perpetually thereafter from interfering in any contract entered into by plaintiff and any other person or persons for the furnishing or supplying of flowers or floral displays at any place or places, and from inducing, urging or encouraging the breach of any such contracts; that defendants, the corporation as well as the individuals, be restrained preliminarily until final hearing and perpetually thereafter from making any false and malicious statements regarding plaintiff or plaintiff's business and from wrongfully and improperly interfering with the business conducted by plaintiff, and that damage be awarded to plaintiff.

The preliminary objection, as filed, gives as its reason that the bill of complaint is defective because the alleged cause of action set forth therein cannot be asserted against the individual defendants who are in

effect not really parties in interest, and that plaintiffs have a full, complete and adequate remedy at law.

There seems no doubt that the third parties who have entered into a contract with defendants for catering services to be given on the premises of defendants, and who have had their contracts broken because they have had contracts with plaintiffs to furnish floral decorations at the weddings, balls, parties, etc., may have cause of action in tort. There seems no doubt that plaintiff also has an action in tort against defendants if they have maliciously and wilfully caused to be broken, by threats and intimidations, contracts made by plaintiffs with the third parties. In the case of Klauder v. Cregar et al., 327 Pa. 1, 3, where plaintiff sued for damages in an action in tort, it was held:

"At the outset of a review of the pleadings, the testimony and the governing legal principles entering into the case, it is opportune to remark that 'a contract confers certain rights on the person with whom it is made, and not only binds the parties to it by the obligation entered into, but also imposes on all the world the duty of respecting that contractual obligation . . . If one maliciously interferes in a contract between two parties, and induces one of them to break that contract to the injury of the other, the party injured can maintain an action against the wrongdoer": Caskie v. Phila. Rapid Transit Co., 321 Pa. 157, 159.

It is apparent that if defendant is guilty of a continuous breach of contract and has threatened to improperly interfere with the contractual relations of third parties in the future, equity will take jurisdiction.

In 28 Am. Jur. 290, it is stated:

"The right freely to contract is an inherent one and part of the liberty guaranteed to every citizen. It is a privilege that may not be destroyed by force, fraud, or illegal means, and one which will, in a proper case,

be protected in equity by injunction. Any unjustifiable interference by a third person with the contract, which results in irreparable injury to the complaining party for which the law furnishes no adequate and complete relief, may be enjoined, provided, of course, such contract is not in violation of either law or public policy as to creating a monopoly or restricting a trade, and is not otherwise violative of public policy, and notwithstanding the plaintiff may not be entitled to specific performance of the contract, either positively or negatively."

We, therefore, are of the opinion that defendant is guilty of a tortious action, if in fact it can be proved that it has maliciously and improperly interfered with the contracts made by plaintiff with third parties, by reason of which irreparable damages have been suffered. It is apparent that, if this legal wrong is persisted in and is recurring, and that it will most likely result in irreparable injury to plaintiff, the remedy at law is not adequate and that equity may grant relief. In the case of Pennsylvania Co., etc., et al. v. Sun Co., 290 Pa. 404, 409, it was held:

"Where, however, a party is entitled to compensation at law, if the injury, actual or threatened, be of a continuous nature and remediable only by multiplicity of suits, or where the injury is irreparable by damages at law, equity will exercise its restraining power. This is the test of equity jurisdiction: Evans v. Fertilizing Co., 160 Pa. 209, 220."

See also Western Penna. Hospital et al. v. Lichliter et al., 340 Pa. 382, 393, where it was held:

"An injured party whose rights are transgressed is not obliged to pursue his strict legal remedy when the relief thereby afforded is neither full, complete nor adequate."

The court is concerned with only one phase of this case. We do not believe that defendant can be com-

pelled to permit plaintiff or its agents to enter upon the private premises of defendant. We do not believe that equity can go that far. However, we do believe that plaintiff is entitled to deliver flowers to the door of the premises of defendant, for those parties who have engaged defendant for catering purposes, so that the floral decorations may be placed therein.

The objection regarding joining of individual defendants in the action has no merit. If it is susceptible of proof that these three individual defendants, or any of them, are the agents through which defendant corporation has and will act in interfering with the contracts made by plaintiff with the third parties, then they likewise should be enjoined, the same as a corporation. This matter has been determined in the case of Gray v. Philadelphia & Reading Coal & Iron Co. et al., 286 Pa. 11, 15:

"It is clearly proper to join all the defendants in one bill if the injuries complained of, though separate, are part of a concerted plan or if the bill alleges joint action on the part of the defendants in the nature of a conspiracy to defeat the plaintiff's rights": 8 Standard Pa. Practice 394.

It would therefore appear that a substantial portion of the bill states a good cause of action against defendant corporation and individual defendants named, and that the matter should proceed to a hearing so that the respective rights of the parties may be properly adjudicated.

### Order

And now, to wit, March 24, 1949, the preliminary objections filed by defendants are overruled and defendants are given leave to file their answer on the merits of the bill within 30 days of the date of this order.