## Stoner *v.* Sley System Garages, Appellant.

Argued January 11, 1946. Before MAXEY, C. J., DREW, LINN, STERN, PATTERSON, STEARNE and JONES, JJ.

*Marshall A. Coyne,* with him *David J. Smyth* and *Gustave F. Straub,* for appellant.

*Earl Jay Gratz,* for appellee.

OPINION BY MR. JUSTICE DREW, March 25, 1946:

Plaintiff and defendant were landlord and tenant under the terms of a written lease. For rent alleged to be in arrears, amounting to $3,491.70 plaintiff filed an amicable action of ejectment, with a confession of judgment. Defendant obtained a rule to show cause why the judgment for possession and the sum of money should not be opened, and defendant let into a defense. After a full hearing the rule was discharged by the court en banc, and defendant appealed. Possession having since been secured by the landlord under the terms of the lease, that question is now moot.

The facts fail to establish any legal or equitable defense, particularly the one relied upon that by implied consent the terms of the written lease were modified as to amount of monthly rental to be paid. There was a change in amount for a short period, but that was carefully provided for in writing as an amendment to the lease, and there is no dispute about that. And so far as that change is concerned, it was specifically provided in writing that such change could be cancelled by a thirty-day notice in writing, and it is admitted that this was done. The testimony shows clearly there was no agreement, oral or written, to modify the lease by reducing the monthly rent, except as provided in the written modification of the lease. However, defendant contends that there was an implied agreement arising out of the conduct of the parties, but completely failed to prove it. The lease contains an express provision (Clause 45) that "All additions, variations or modifications to this lease shall be void and ineffective unless in writing signed by the parties." Where an alleged subsequent contract is depended upon to vary the terms of a prior

written contract, it must be clearly and positively established and must be founded upon a valid consideration: *Nat Bk. of Fayette Co. v. Valentich,* 343 Pa. 132, 22 A. 2d 724. In this case there is no evidence of any subsequent modification of the written lease nor of any consideration therefor.

It is true that plaintiff accepted for some months lesser sums than the amount due but this was done because defendant claimed inability to pay in full, and all such partial payments were received and charged as payments on account. Defendant contends that acceptance by a landlord from a tenant of an amount less than the rent stipulated in the lease is a discharge of the full rent due. This is certainly not the law, where as here the partial payments were on account, and all concerned had full knowledge of that fact: *W. Phila. Buick Co. v. Shuster,* 120 Pa. Superior Ct. 329, 183 A. 75. This was defendant's sole defense.

The testimony is manifestly insufficient to justify submission of the question to a jury. In *Schuy'l T. Co. v. Sobolewski,* 325 Pa. 422, 190 A. 919, we said: ". . . it is proper to say, that if the testimony taken on the rule would be sufficient to justify the submission of the question to a jury, the court may, in its discretion make an order to open; but if, on the testimony so taken, the court would set aside a verdict for the defendant, the court should refuse to open."

An application to open a judgment is an equitable proceeding addressed to the sound discretion of the court, and on appeal the question is whether there has been a rightful exercise of discretion.

In *B. & L. Assn. v. Walukiewicz,* 322 Pa. 240, 185 A. 648, we said: "An application to open a judgment entered upon a warrant of attorney is an equitable proceeding governed by equitable principles and addressed to the sound discretion of the court. On appeal we consider only whether the court kept within the bounds of its discretionary power: Boyd v. Kirch, 234 Pa.

432; Newton T. & T. Co. v. Underwood, 317 Pa. 212; Kaier Co. v. O'Brien, 202 Pa. 153, 160. An oath against an oath or a mere conflict of evidence do not warrant the submission of the issue to a jury. The evidence must carry such conviction of truth as to convince the judge that the judgment should be opened and a jury trial awarded: Mielcuszny et ux. v. Rosol, 317 Pa. 91. The weight of evidence and credibility of the witnesses are for the judge who sits as a chancellor: Jenkintown Nat. Bank's App., 124 Pa. 337, 344; Augustine v. Wolf, 215 Pa. 558, 562."

It cannot be said the lower court abused its discretion in refusing to open the judgment where it appeared so clearly that appellant has no defense whatever.

Order affirmed.