## Vallish et ux. *v.* Rapoport, Appellant.

Argued November 14, 1949. Before MAXEY, C. J., DREW, LINN, STERN, PATTERSON, STEARNE and JONES, JJ.

*Isadore Rapoport,* with him *John A. Harter* and *Groman & Rapoport,* for appellant.

*John L. Pipa, Jr.,* for appellees.

OPINION BY MR. JUSTICE LINN, January 3, 1950:

Plaintiffs, as lessors of a five-story business building in Mt. Carmel, Pennsylvania, entered judgment by amicable action against the lessee (a) in ejectment and (b) for $2,400 rent matured for the unexpired term in consequence of the defaults alleged in the amicable action. The judgment was entered in February, 1948. The lease provided a term of five years from October 25, 1943, with the right to renew for an additional term of five years.

On November 29, 1948, the lessee defendant petitioned for and obtained a rule to show cause why the judgment in ejectment should not be opened with leave to defend; the rule was made returnable December 6, 1948. In this petition he denied the lessors' averments of default and averred that, since the entry of the judgment, he had paid the sum of $2,400, the rent that would accrue to the end of the term, for which the judgment had been entered.

In proceedings to open judgment the practice by petition and answer is well established. "When the answer was filed, defendant had the choice of taking depositions, limited, of course, to the issues made by the pleadings (Fisher v. King, 153 Pa. 3 [25 A. 1029 (1893)]; Bauer v. Hill, 267 Pa. 559, 563 [110 A. 346 (1920)]), and then having the application heard on petition, answer and depositions; or of having it heard on petition and answer alone, in which event the averments of the answer, so far as they were responsive to those of the petition, would have to be taken as true: Kelly et al. v. International Clay Products Co., 291 Pa. 383, [140 A. 143 (1928)]. This is the established practice, entirely aside from the applicable rule of the court below, which was quoted in appellee's brief." *M. A. Long Co. v. Keystone Portland Cement Co.*, 302 Pa. 308, 315-316, 153 A. 429 (1931). The issue to be tried should be made by the petition and the answer: *State Camp etc. v. Kelley et al.*, 267 Pa. 49, 110 A. 339 (1920); *Miller v. Mastrocola et al.*, 133 Pa. Superior Ct. 210, 2 A. 2d 550 (1938); *Warren Sav. Bank & T. Co. v. Foley*, 294 Pa. 176, 144 A. 84 (1928).

Instead of proceeding in that way with defendant's application to open the judgment pursuant to Rule 209 of the Rules of Civil Procedure, the court on the return day of defendant's rule, granted a motion on that day made by the plaintiffs, to discharge defendant's rule. This appeal is from that order discharging defendant's rule to open the judgment.

28

Our attention has not been called to anything in the record, and we have found nothing in it, that would justify the failure to proceed pursuant to Rule 209.*

Instead of filing an answer as required by established practice, the plaintiff-lessors filed what they designated as a "motion to discharge rule," meaning the defendant's rule to open the judgment; in support of their motion they set forth, in 24 paragraphs, averments of fact. On the return day the court received evidence concerning the parties' negotiations for settlement to which the plaintiffs had referred in their motion. For present purposes, it is unnecessary to state these negotiations in detail, though apparently both parties understood on November 6, 1948, that the lessee would have (in the words of the judge) ". . . until November 22, 1948, to file whatever papers he desired or was advised to file for his protection . . ." Instead of getting his petition to open filed by November 22nd, it was not filed until November 29th. This period of one week, the judge held, constituted fatal delay, saying, "We do not find that the application was made with reasonable promptness, nor

---

* The Rule provides: "If, after the filing and service of the answer [in this case, the answer required to be filed by plaintiffs to defendant's petition to open], the moving party does not within fifteen days:

    (a) Proceed by rule or by agreement of counsel to take depositions on disputed issues of fact; or

    (b) Order the cause for argument on petition and answer (in which event all averments of fact responsive to the petition and properly pleaded in the answer shall be deemed admitted for the purpose of the rule) ;

the respondent may take a rule as of course on the moving party to show cause why he should not proceed as above. If after hearing the rule shall be made absolute by the court, and the petitioner shall not proceed, as above provided, within fifteen days thereafter, the respondent may order the cause for argument on petition and answer, in which event all averments of fact responsive to the petition and properly pleaded in the answer shall be deemed admitted for the purpose of the rule."

was the failure to do so explained." We must reject that conclusion. If the lessor's motion to discharge defendant's rule could be regarded as a demurrer (compare *Bekelja v. James E. Strates Shows, Inc.,* 349 Pa. 442, 443, 37 A. 2d 502 [1944]) it would have been bad as a "speaking" demurrer (*Caskie v. P. R. T. Co.,* 321 Pa. 157, 160, 184 A. 17 [1936]). The proceeding gained nothing by the evidence then received.

Counsel for the appellee considers Rule 209 inapplicable for the following reasons stated in his brief: "It is sufficient to say that this rule applies only when a party has a right to file a petition. But in this case, appellant waived his right. Certainly appellees had a right to challenge the filing of the petition to open the judgment. They exercised it by filing a motion to discharge the rule, which the Court, after full hearing, properly discharged." We find no evidence of the waiver. As the facts are not in dispute this Court makes its own inferences of fact and may reject the inferences made below: *Fidelity Trust Co. v. Union Nat. Bank of Pitts. et al.,* 313 Pa. 467, 169 A. 209 (1934); *Gribben v. Carpenter,* 323 Pa. 243, 185 A. 712 (1936). It appears in the evidence taken on the return day that negotiations for settlement had been in process until November 6th; the defendant had paid the rent to the end of the term; November 22nd had been specified by plaintiffs' counsel as the last day on which negotiations could be considered. It does not appear that the record now shows what would have appeared if the lessors had answered the lessee's petition to open and the procedure of Rule 209 had been followed.

The record shows that there has been an altogether unsatisfactory trial. Unless there was default, the challenged judgment was unauthorized. Defendant denied substantial averments of fact made by lessors in the amicable action. Not only has there been no trial to determine whether the alleged default existed, but such

a trial was made impossible by premature, and so far as appears, erroneous discharge of defendant's rule. With respect to this subject, the court said, in part, "It is true he [lessee] alleges he has a defense to the judgment in ejectment. Assuming this to be correct, we are not required to open a judgment entered by confession merely because the defendant produces evidence, which, if true, would constitute a defense. Berkowitz v. Kass, 351 Pa. 263 [40 A. 2d 691 (1945)]. An application to open a judgment is addressed to the court's sound discretion. Berkowitz v. Kass, supra; Stoner v. Sley System Garages, 353 Pa. 532 at 534 [46 A. 2d 172 (1946)]." That principle is important but it must also be remembered that the judicial discretion exercisable in disposing of rules to open judgment does not include the power to substitute inappropriate and inadequate procedure for the Rules of Civil Procedure established pursuant to statute.

The elements for consideration, in the exercise of judicial discretion, may vary with the circumstances in which a judge must act. In this case we must conclude that there was reversible abuse of discretion. Among the elements to be dealt with are the facts that a defense on the merits has been averred and has not been answered (compare *Quaker City Chocolate and Confectionery Co. v. Warnock Building Ass'n et al.*, 347 Pa. 186, 190, 32 A. 2d 5 [1943]). It has been ruled that absence of harm is important: (compare *First National Bank v. Walsh*, 349 Pa. 241, 247, 37 A. 2d 130 [1944]; *Jamestown Banking Company v. Conneaut etc. Co. et al.*, 339 Pa. 26, 32, 14 A. 2d 325 [1940]) yet it does not appear that the plaintiffs were harmed by the week's delay which the court considered fatal (see *Melnick B. & L. Ass'n v. Melnick et al.*, 361 Pa. 328, 333, 64 A. 2d 773 [1949]). We cannot find in the evidence that defendant was not reasonably diligent in seeking relief, see *M. A. Long v. Keystone Co.*, 302 Pa. 308, 312, 153 A. 429 (1931). Defendant should

have had an opportunity to prove the averments in his petition denying the defaults alleged by plaintiffs in their amicable action: cf. *Schireson v. Shafer et al.*, 354 Pa. 458, 463, 47 A. 2d 665 (1946).

The order discharging defendant's rule to open the judgment is reversed and the record is remitted for further proceedings, costs to abide the result.