### Ricci *v.* Barscheski, Appellant.

Argued March 8, 1955. Before RHODES, P. J., HIRT, ROSS, GUNTHER, WRIGHT, WOODSIDE, and ERVIN, JJ.

*Joseph E. Gallagher,* for appellant.

*Joseph S. Needle,* with him *Needle, Needle & Needle,* for appellees.

OPINION BY GUNTHER, J., July 21, 1955:

This is a petition to open a judgment entered on a lease-sale agreement in the amount of $268.05. The petition was dismissed and the rule discharged by the court below.

Defendant in her petition alleged a breach of warranty of fitness. She had purchased from plaintiffs a combination coal and electric stove on a lease-sale contract. The electric portion of the stove was satisfactory, but defendant alleges that the coal portion was defective in that it could not be properly dampened. The depositions show that on the night the coal stove was first lighted, by one of the plaintiffs, the stove gave off too much heat and it smoked and blackened the front of the stove. The reason for the smoke and blackening was shown to be the fact that bread had been negligently placed in the oven. It was then

and there that defendant decided to get rid of the stove. The court below was correct in concluding that defendant's testimony disclosed only that perhaps the stove worked too well. There is no evidence of the nature of the defect alleged. Defendant alleges that such proof is unnecessary in view of the statement in *U. S. Gypsum Co. v. Birdsboro Steel Foundry*, 160 Pa. Superior Ct. 548, 52 A. 2d 344, that "where the goods or machinery bought does not perform the function for which it was sold or made, the buyer establishes a breach of the warranty of fitness without showing what the specific defect was which prevented the article from performing as warranted." However, as that case goes on to hold, the nature of the alleged defect must be proven where the machine does perform its intended function. That is the situation here, where the only complaint is that the stove performed its function too efficiently. We agree with the court below that the testimony discloses that the real object of this suit appears to be a desire to shift the damage to the stove to plaintiffs, which damage was caused through no fault of plaintiffs. A petition to open judgment is an equitable proceeding addressed to the sound discretion of the court. If the testimony is insufficient to justify submission to a jury and fails to carry such conviction of truth as to convince the trial judge that the judgment should be opened, the petition should be dismissed. *Stoner v. Sley System Garages*, 353 Pa. 532, 46 A. 2d 172. In view of our analysis of the testimony we find that the court below did not abuse its discretion in refusing to open on the ground of breach of warranty of fitness.

Defendant also contends that plaintiffs agreed to a rescission of the contract and therefore lacked the right to enter judgment. When defendant defaulted in her monthly instalments the plaintiffs repossessed

the stove at defendant's request. Plaintiffs contend that the contract permits them to repossess, sell and hold defendant liable for the difference between the sale price and the unpaid instalments and also to enter judgment for the entire unpaid balance. However, as alleged by plaintiffs, the issue of election of remedies is not properly before us. The petition to open judgment did not raise this issue, and it was not advanced in, nor passed upon, by the court below. Under such circumstances an appellate court cannot take the issue into consideration upon review. *Sprenger v. Litten,* 142 Pa. Superior Ct. 194, 15 A. 2d 527; *Associates Discount Corp. v. Kelly,* 169 Pa. Superior Ct. 74, 82 A. 2d 689.

Order affirmed.