**Williams v. Stoudt & Son, Inc.**

*Scoblionko & Frank*, for plaintiff.

*Butz, Hudders, Tallman & Rupp*, for defendants.

HENNINGER, P. J., August 6, 1956.—On December 30, 1954, plaintiff brought above action in trespass designating Bethlehem Ornamental Iron Works as a corporation. Return of service of the complaint was made as to Bethlehem Ornamental Iron Works that it was served on "F. S. Dornbaltz, whose relationship to the defendant is that of partner."

No answers having been filed, plaintiff took judgment against both defendants for want of an answer. Thereafter, defendants filed petitions to open judg-

ment, upon which the court granted a rule to open judgment, "all proceedings to stay meanwhile."

The petition of Bethlehem Ornamental Iron Works to open judgment stated that it was a partnership defunct since 1936 and that petitioner, F. S. Dornblatt, was a partner in Bethlehem Iron Works.

On April 11, 1955, plaintiff petitioned the court to correct the return of service to show that the original writ had been served on "F. S. Dornblatt" and not "F. S. Dornbaltz" and his designation as "incorporator" instead of "partner," and to correct the name of defendant to "Bethlehem Iron Works, Inc."

On April 9, 1956, plaintiff, without pursuing his former rule to amend, filed a new petition to amend the return of service of the complaint, this time asking to amend the name of defendant to Bethlehem Iron Works, a partnership, and to leave the designation of Dornblatt as partner. At the same time, he asked us to amend the complaint accordingly.

On May 28, 1956, defendant answered that Bethlehem Iron Works was not served and was not a party to the action.

Without taking depositions, plaintiff, on June 19,. 1956, placed the case upon the argument list for July 2, 1956.

Besides contesting this case upon the merits of plaintiff's petitions, defendants contend: (1) That plaintiff is prevented from proceeding by reason of the stay of proceedings granted on the rules to open judgment; (2) there was no verification to petitions for the rules; (3) that since plaintiff placed the case on the argument list on petition and answer, all properly pleaded responsive averments in the answer shall be deemed admitted for the purpose of the rule: Pa. R. C. P. 209.

The second objection is improperly raised for the first time in a brief: Holladay v. Fidler, 158 Pa.

Superior Ct. 100, 103; Anderson Pa. Civ. Prac., vol. 2, pp. 48 and 420.

It seems clear that the first relates only to proceedings after judgment and does not relate to proceedings relating to service or to the complaint. It is further an ungracious complaint, since defendants have not moved for a year and a half upon their petitions to open.

As to the third objection, defendant denies that Bethlehem Iron Works was served with the complaint. If that is true, it is now too late to bring it upon the record, for the accident giving rise to this action occurred on January 27, 1953, and the statute of limitations would have run. If on the other hand, it was Bethlehem Iron Works, a partnership, that actually was served, the sheriff's return may be amended at any time to accord with the facts of service.

The principles governing this situation were well stated in Wright v. Eureka Tempered Copper Company, 206 Pa. 274, 276:

"Statutes of amendment are liberally construed to give effect to their clearly defined intent to prevent a defeat of justice through a mere mistake as to parties or the form of action. Amendments however will not be allowed to the prejudice of the other party, where the statute of limitations has run, by introducing a new cause of action or bringing in a new party, or changing the capacity in which he is sued: Trego v. Lewis, 58 Pa. 463; Commonwealth ex rel. v. Dillon, 81 Pa. 41; Grier v. Northern Assurance Co., 183 Pa. 334; Peterson v. Delaware River Ferry Co., 190 Pa. 364; Garmon v. Glass, 197 Pa. 101. A party whose name it is asked to amend must be in court. If the effect of the amendment will be to correct the name under which the right party was sued, it should be allowed; if its effect will be to bring a new party on the record, it should be refused after the running of the statute of limitations."

The Wright case has been frequently applied. One of the latest cases is Waugh v. Steelton Taxicab Company, 371 Pa. 436, in which a complaint against the company, designated as a corporation, was served upon a clerk in the office. After the statute of limitations had run, upon a showing that the company was a fictitious name for an individual by the name of Kosir, an amendment was allowed upon the theory that, the proper defendant having been served, no new defendant had been brought upon the record. Our case is still stronger, because here the partner himself was served and so designated in the return.

To like effect 'is Gozdonovic v. Pleasant Hills Realty Company, 357 Pa. 23, in which defendant, sued as a corporation, was found to be a partnership and, after the statute of limitations had run, plaintiff was permitted to amend upon the theory that he was correcting the name of a party served rather than introducing a new party to the record. It is pointed out that the amendment could not operate to fix personal liability upon individual partners not served with the writ and that it is permissible to sue a partnership as an entity by its firm name: Pa. R. C. P. 2128(a).

Defendant contends, however, that since it has denied that Bethlehem Iron Works was served and since plaintiff has placed this case upon the argument list without taking depositions, that averment must be taken as admitted under the parenthetical clause in Pa. R. C. P. 209(b) and, therefore, plaintiff is precluded from claiming that the partnership Bethlehem Iron Works was served with the writ.

The question then arises whether this court must blind itself to the known facts of the case under Pa. R. C. P. 209 which reads as follows:

"If, after the filing and service of the answer, the moving party does not within fifteen days:

"(a) Proceed by rule or by agreement of counsel to take depositions on disputed issues of fact; or

"(b) Order the cause for argument on petition and answer (in which event all averments of fact responsive to the petition and properly pleaded in the answer shall be deemed admitted for the purpose of the rule) ; the respondent may take a rule as of course on the moving party to show cause why he should not proceed as above. If after hearing the rule shall be made absolute by the court, and the petitioner shall not proceed, as above provided, within fifteen days thereafter, the respondent may order the cause for argument on petition and answer, in which event all averments of fact responsive to the petition and properly pleaded in the answer shall be deemed admitted for the purpose of the rule."

We, of course, have the right under Pa. R. C. P. 126 to construe the rules liberally in order to secure the just, speedy and inexpensive determination of an action and to disregard any defect of procedure which does not affect the substantial rights of the parties. We are the more inclined to do so because of our doubt whether the words, "in which event", beginning the parenthetical clause refer to a situation when the moving party has or has not ordered the cause for argument.

Is there any need for depositions in order to determine the facts concerning the proposed amendment? We think not, for all the relevant facts are already upon the record over the signature and upon the oath of F. S. Dornblatt, a partner in Bethlehem Iron Works.

In the petition to open, he swore on February 8, 1955, that Bethlehem Ornamental Iron Works was a partnership that became defunct in 1936 and that he is a partner in a partnership doing business under the name and style of Bethlehem Iron Works and that service was made by handing a copy of the complaint to him on December 31, 1954.

In answer to plaintiff's first and abortive petition to amend by pleading against Bethlehem Iron Works, Inc., a corporation, the same Dornblatt swore on May 27, 1955, that Bethlehem Iron Works, Inc., was not incorporated until December 30, 1954, and, therefore, was not in existence when the accident occurred.

We have on the record, therefore, from the lips of defendant himself, that there never was any corporation like Bethlehem Ornamental Iron Works, that the partnership of that name passed out of existence in 1936, that the corporation Bethlehem Iron Works, Inc., did not come into existence until after the accident (and by coincidence on the very date this suit was instituted) and that the operating unit from 1936 to 1955 was Bethlehem Iron Works, a partnership of which he was a member and that he, a partner, was served with the writ.

No other relevant facts could have been developed by depositions, and we consider that, under the circumstances, depositions were unnecessary and that we have the right, in disposing of the rule, to consider undisputed facts supplied by defendant itself. We consider our possession of these undisputed facts as a part of the record in this particular case to be a factor which justifies us in refusing to hold plaintiff to the strict terms of Pa. R. C. P. 209 (see Vallish v. Rapoport, 364 Pa. 25, 28), especially in light of defendant's failure to rule plaintiff to proceed to take depositions.

We might have stricken this case from the list in order to give plaintiff an opportunity to take depositions, but that seems to us to cause only a futile and unnecessary procedural delay.

### Order

Now, August 6, 1956, the rules heretofore granted to amend the return of service and the complaint are made absolute and it is ordered that the return of service be amended by changing the name of defend-

ant to "Bethlehem Iron Works" and the spelling of "Dornbaltz" to "Dornblatt", and that plaintiff may file an amended complaint averring that one of defendants is Bethlehem Iron Works a partnership, instead of Bethlehem Ornamental Iron Works, a corporation.