Christopher, Appellant, *v.* Richardson.

Argued October 7, 1958. Before JONES, C. J., BELL, MUSMANNO, JONES and COHEN, JJ.

*Allen E. Brunwasser,* for appellant.

*William A. Blair,* with him *David F. Tuthill,* and *Griggs, Moreland, Blair & Douglass,* for appellees.

OPINION BY MR. JUSTICE BELL, January 12, 1959:

This is an appeal from an order dismissing plaintiff's demurrer to defendants' answer which the lower court treated as a motion for judgment on the pleadings.

Plaintiff brought this equitable action seeking, (1) a retransfer of assets, an accounting and other equitable relief from an agreement dated July 20, 1951, and (2) to invalidate a voting trust agreement dated July 20, 1951—which was executed pursuant to the above mentioned agreement—made by the principal shareholders of defendant, William Penn Memorial Corporation, a domestic cemetery company. In 1951 the cemetery corporation was in financial difficulties and heavily

indebted to its shareholders, and it had very little, if any, prospects of paying any substantial portion of the aggregate corporate indebtedness. Plaintiff and a number of the defendants owned stock in the cemetery company, and also owned some lots in the cemetery, and also were creditors of the corporation. As a result of, and in an attempt to solve, the financial problems of the corporation, the principal shareholders on July 20, 1951, entered into the two above mentioned agreements. The validity of the voting trust agreement is the only issue which is raised in this appeal.

Plaintiff, who signed both agreements, seeks to void the voting trust agreement on two grounds—(1) that it does not expressly limit the life of the voting trust to ten years as required by the Act of May 5, 1933, P.L. 364, §511, 15 PS §2852-511; and (2) that a party who was an alleged claimant of stock and of lots held by plaintiff as trustee and who was named in the trust agreement as a party thereto, did not sign the agreement.

The Act of May 5, 1933, supra, provides: "Two or more shareholders of any business corporation may by agreement in writing, transfer their shares to any corporation or person for the purpose of vesting in the transferee or transferees all voting or other rights pertaining to such shares for a period not exceeding ten years, and upon the terms and conditions stated in the agreement." Defendants contend that this Act invalidates only those voting trusts which by their terms expressly run for a period of more than ten years.

This voting trust agreement specifically provides: "This agreement shall remain in full force and effect until *all percentage payments** due under the aforesaid agreement of even date herewith, have been *paid in*

---

\* Italics throughout, ours.

*full** and upon such payment in full, this voting trust shall terminate forthwith and the Voting Trustee shall remit to the shareholders or their respective heirs, executors, administrators or assigns, as the case may be, the stock certificates delivered to said Voting Trustees pursuant hereto."

The Act of 1933, supra, was a declaration of the public policy of the Commonwealth. In order to comply therewith the voting trust agreement, must, by its terms, be limited to a period of ten years or less, or it must be clear from the terms and provisions of the agreement that the voting trust will terminate in ten years or less. This voting trust agreement, by its terms, may remain in full force and effect for a period exceeding ten years and is therefore void. Plaintiff was entitled to judgment on the pleadings.

The agreement dated July 20, 1951, as well as the voting trust, have been in existence with the plaintiff's approval for over five years. During that period substantial payments have been made to plaintiff in accordance with the terms of the first agreement, and numerous complicated situations have arisen, and several of the parties to the agreement have died. In the light of the present record it is impossible for us to determine whether plaintiff is entitled to an accounting or to further equitable relief.

The order of the court below is reversed, and the case is remanded to the Court below with directions to enter an order or decree consistent with this opinion, with power to grant further equitable relief if the circumstances so require; each party to pay his, her and their respective costs.

---

* Plaintiff states in his brief and it was not denied, that payments made after five and one-half years total less than one-tenth the percentage payments due thereunder.