## Brunwasser *v.* Christopher, Appellant.

Argued April 13, 1960. Before RHODES, P. J., GUNTHER, WRIGHT, WOODSIDE, ERVIN, WATKINS, and MONTGOMERY, JJ.

reargument refused July 5, 1960.

*John F. Gloeckner,* for appellant.

*Allen N. Brunwasser,* for appellee.

OPINION BY WRIGHT, J., June 15, 1960:

We are here concerned with an appeal from an order of the Court of Common Pleas of Allegheny County discharging a rule to open a judgment entered by confession on a note. "This type of proceeding is equitable in nature, and we will reverse the determination of the court below only for clear and manifest abuse of discretion": *Bergman v. Bonetti,* 192 Pa. Superior Ct. 170, 159 A. 2d 571.

The case at bar involves an attorney-client relationship. Burling E. Christopher was the owner of a large number of shares of the common stock of William Penn Memorial Corporation, a domestic cemetery company. On or about May 31, 1957, Christopher employed Allen N. Brunwasser, Esquire to seek a return of assets and to invalidate a voting trust agreement which had been executed on July 20, 1951. Christopher's interest in the corporation was estimated to be worth $35,000.00. Brunwasser filed suit in equity in the Court of Common Pleas of Allegheny County at No. 2 October Term 1957. After successfully resisting preliminary objections, Brunwasser moved for judgment for want of a sufficient answer. From an adverse order of the court of common pleas, Brunwasser appealed to the Supreme Court. The appeal was argued on October 7, 1958. On

December 15, 1958, Christopher gave Brunwasser the note in question in amount of $2,500.00. On January 12, 1959, the Supreme Court reversed the order of the court below, and remanded the case for the entry of an appropriate decree. See *Christopher v. Richardson,* 394 Pa. 425, 147 A. 2d 375. On May 15, 1959, Brunwasser confessed judgment on the note and issued execution.

Appellant's theory is that the note was signed on the condition that Brunwasser would discontinue the equity action. It is asserted by Christopher that he had an opportunity to sell his interest in the corporation, that it was necessary that the equity action be discontinued before the sale could be made, that Brunwasser refused to discontinue, and that appellant consequently lost his opportunity to sell. Brunwasser's theory is that the note was given in consideration for, and final settlement of, his professional services. He asserts that appellant never requested him to discontinue the equity action, that he at no time refused to do so, and that a sale of Christopher's interest has since been consummated.

Appellant contends "that a defense on the merits has been averred and has not been answered". He relies solely on *Vallish v. Rapoport,* 364 Pa. 25, 70 A. 2d 616, but that case presented an entirely different situation, both factually and procedurally. In a proceeding to open a judgment, petitioner must aver, not only the existence of a valid defense, but also equitable considerations which impress the court with the need for relief: *Ehnes v. Wagner,* 388 Pa. 102, 130 A. 2d 171. The weight of evidence and credibility of the witnesses are for the judge who sits as a chancellor: *Stoner v. Sley System Garages,* 353 Pa. 532, 46 A. 2d 172. See also *Ricci v. Barscheski,* 179 Pa. Superior Ct. 351, 116 A. 2d 273. Our examination of this record leads us to agree with Judge CERCONE that the testimony on

appellant's behalf "is weak, vague and based primarily on hearsay evidence, and does not measure up" to the necessary standard, and that appellant "failed to call witnesses who could have thrown light on the case, and this failure can be construed to his detriment". See *Beers v. Muth*, 395 Pa. 624, 151 A. 2d 465.

In brief, we find no abuse of discretion in the refusal to open the instant judgment. As stated in the opinion below: "In the light of these circumstances, and the failure of defendant to substantiate his claim in deposition, there is no reason whatsoever why plaintiff attorney should not be paid his fee without compelling him to go to trial to recover it. The court has knowledge of the great amount of work done by plaintiff in this case, and he has performed it conscientiously and ably. He is fully entitled to the fruit of his labor".

Order affirmed.