## Hoff Estate

*William J. Kelly* and *Strong & Sullivan*, for accountant.

*John A. M. McCarthy*, for claimant.

*Joseph T. Murphy*, for Commonwealth.

BOLGER, J., December 13, 1963.—Decedent died February 6, 1962, intestate. Letters of administration were granted to the accountant March 16, 1963; proof of publication of the grant of same was submitted and is annexed.

Payment of transfer inheritance tax in the sum of $1,115.51 on September 23, 1963, was duly vouched.

In accordance with Orphans' Court rules 69.4 and 69.5, counsel for the administrator has filed a report which indicates that decedent had been married to Frederick Berger Hoff in 1919. He has not been heard of for a period in excess of seven years. He did not live with decedent at the time of her death and there is no indication that he contributed to her support. The

collateral heirs are a sister, Elizabeth Bond, a brother, John McKay, and a niece, Violet Burse. Each of these is entitled to receive one-fourth. There are also grand-nephews and grand-nieces, Frederick Murray McKay, Archibald McKay, Ivey McKay and Bertie McKay, each entitled to one-sixteenth.

The court approves the report and finds that in view of the fact that the husband of the decedent has been absent for more than seven years, the presumption is that he did not survive and if he did survive, that he has forfeited his right under the Intestate Act of April 24, 1947, P. L. 80, and will make awards to the collateral heirs.

At the audit a claim was submitted on behalf of Jennie Raffaele, a creditor. Decedent had rented an apartment in a building owned by Mrs. Raffaele under a lease dated March 15, 1952, for a monthly rental of $50. The term of the lease was for one month with a provision that it would continue from month to month until either party gave the other 30 days written notice of an intention to terminate. From March 15, 1955, to November 15, 1960, decedent paid $45 per month and from November 15, 1960 to February 15, 1962, $40 per month. Following her death, one month's rent at $50 was claimed. Claimant acknowledges that she discovered cash in the sum of $280 in the apartment following the decedent's death. She has applied this against her total claim of $495 leaving a balance of $215.

The lease is under seal and was introduced in evidence. Receipts for payment of the rent to claimant or to her daughter were produced and admitted in evidence. The foregoing facts are not disputed. The claim is resisted by the administrator on the basis that by accepting less than the $50 a month, decedent and claimant in effect made a new lease. The accountant also claims that if this position is not sustained, then

the statute of limitations bars any claim prior to six years from the date of decedent's death.

There was testimony given and not denied that decedent and claimant had established a friendship over the years. Claimant and her daughter were solicitous for the welfare and health of the tenant and befriended her with advice and on at least one occasion paid for medicine. On the contrary, the report under rule 69.5 demonstrates that her nearest of kin had rarely seen or heard from decedent and the brother and grand-nephews and grand-nieces, all of whom reside in Ireland, had had practically no contact with her.

It is, therefore, with very ill grace that these intestate heirs have resisted to the point of litigation the proper and just claim of the one who had befriended decedent in her lifetime. It would appear that the heirs seek to unjustly enrich themselves.

The administrator has failed to meet the burden he had in overcoming the terms of the written lease. He had the obligation to prove by clear and indubitable evidence that the terms of the lease had been abrogated. In Stoner v. Sley System Garages, 353 Pa. 532, the Supreme Court held that acceptance by a landlord from a tenant of an amount less than the rent stipulated is not a discharge of the full rent due where the partial payment is on account and the parties have full knowledge of that fact. The law in that case applies to the facts of this case. See also West Philadelphia Buick Company v. Shuster, 120 Pa. Superior Ct. 329.

The lease is an instrument under seal and the statute of limitations does not apply: Ahrns v. The Chartiers Valley Gas Company, 188 Pa. 249.

The claim is allowed with interest from the date of death to the date of payment.

And now, December 13, 1963, the account is confirmed nisi.