## World Surplus & Salvage Co. *v.* Verscharen et ux., Appellants.

Argued April 13, 1973. Before Wright, P. J., Watkins, Jacobs, Hoffman, Spaulding, Cercone, and Spaeth, JJ.

*Henry H. Wallace,* with him *Wallace & Joyce,* for appellants.

*E. Cooke,* with him *Joseph J. Bernstein,* for appellee.

Opinion by Watkins, J., June 14, 1973:

This is an appeal from an order of the Court of Common Pleas of Allegheny County, Civil Division, dismissing a Petition to Show Cause why default judgments entered against the appellants should not be stricken or opened.

On August 2, 1972, default judgments were entered against the appellants by the plaintiff and execution issued thereon. On August 25, 1972, the lower court granted a Rule to Show Cause why said judgments

should not be stricken or opened. Thereafter apparently the Rule to Show Cause was discharged upon agreement and a complaint and answer were filed by the litigants.

On November 6, 1972, the court below issued the following order:

"AND NOW, to wit, this 6th day of November, 1972, it appearing to the Court that its original Order of August 25, 1972, in the above-captioned matter was improperly issued, said Order is hereby vacated and in the event defendants persist in seeking to strike off the judgment they are hereby directed, upon due notice to the plaintiff, to present said petition to the Assignment Room Judge within seven (7) days of the date hereof.

By the Court,
WENTLEY, J."

On November 13, 1972, appellants again filed a Motion to Strike Off the judgments and a petition to open the judgments together with a Rule to Show Cause attached thereto. The motion was denied by the court below and this appeal followed.

The record indicates a vacillation on the part of the lower court where at one time a Rule to Show Cause was issued and by agreement a complaint and answer and counterclaim filed thereon. The court then attempted to wipe the record clean and start over which the appellant did at the direction of the court and then a Rule to Show Cause was denied without opportunity to state their positions or introduce any basis for their defenses alleged by the appellant in the motion.

While a petition to open is addressed to the sound discretion of the court and is directed to the court's equitable powers, circumstances in this case indicate the court abused its discretion in ultimately denying appellants' request for a rule to show cause and an opportunity to substantiate their defenses. *Atlas Alum-*

*inum Corp. v. Methods R. P. Co.*, 420 Pa. 407, 218 A. 2d 244 (1966); *Vallish v. Rapoport*, 364 Pa. 25, 70 A. 2d 616 (1950); *Stoner v. Sley System Garages*, 353 Pa. 532, 46 A. 2d 172 (1946); *Berkowitz v. Kass*, 351 Pa. 263, 40 A. 2d 691 (1945).

The order of the court below is reversed and the appellant is granted a rule to show cause why the judgments below should not be stricken or opened and the record is remanded with a procedendo.