## Universal Mortgage Service Co. v. Hegarty

*Edward M. Snyder,* for plaintiff.
*Glenvar E. Harman,* for defendants.

SUGERMAN, *J.,* March 1, 1974—Petitioners, John J. Hegarty and Mary Hegarty, have filed their petition to "strike and/or open" a judgment entered against them by confession. The judgment, in the sum of $3,600., was confessed against petitioners

pursuant to a warrant of attorney contained in a note executed by them in favor of the captioned plaintiff. The consideration for the note is alleged to be in the nature of services performed for petitioners by plaintiff in obtaining a mortgage commitment for petitioners.

## PETITION TO STRIKE

Plaintiff at the time it confessed judgment against petitioners, filed a document styled "Affidavit of Non-Military Service and Affidavit as to Income" wherein plaintiff's agent alleges, inter alia, that petitioner John J. Hegarty, a self-employed contractor, has a net income of $8,632. per year. In the same document, petitioner Mary Hegarty, wife of petitioner John J. Hegarty, is alleged to be a housewife, with no apparent income.

Mindful that a petition to strike off a judgment is a remedy sought by one who complains of fatal irregularities appearing on the face of the record (Cameron v. Great Atlantic & Pacific Tea Co. Inc., 439 Pa. 374, 266 A. 2d 715 [1970]), petitioners here argue that by reason of such affidavit reflecting petitioners' total annual income of less than $10,000., the record is fatally defective on its face in light of Swarb v. Lennox, 314 F. Supp. 1091 (E.D. Pa. 1970); aff'd 405 U.S. 191, 31 L. Ed. 2d 138 (1972). We do not agree.

The provision of the note in the case at bar authorizing the entry of judgment against petitioners by confession is commonly called a cognovit and is the ancient legal device by which a debtor consents in advance to the holder's obtaining a judgment without notice or hearing: D. H. Overmyer Co., Inc., of Ohio et al. v. Frick Co., 405 U.S. 174, 31 L. Ed. 2d 124 (1972). Pennsylvania procedure re-

lating to the confession of money judgments has been called "pervasive and drastic:" Cutler Corp. v. Latshaw, 374 Pa. 1, 97 A. 2d 234 (1953), and an "abbreviated form of justice:" Swarb v. Lennox, supra (Douglas, *J*., dissenting). Nevertheless, a cognovit clause is neither per se violative of Fourteenth Amendment due process nor constitutionally invalid: D. H. Overmyer Co., Inc. of Ohio et al. v. Frick Co., supra.

In Swarb v. Lennox, supra, it was established by stipulation, inter alia, that each debtor, if called as a witness, would have testified that each executed a *retail consumer contract containing a cognovit clause;* that each was unaware of such cognovit clause; that each failed to understand the significance of such clause; that even if such understanding existed, none had the ability to bargain about it; that many were encouraged not to read their contracts; and that most such contracts resulted from sales of merchandise made to such plaintiffs by door-to-door salesmen.

The District Court, upon such facts, held, inter alia, (1) The Pennsylvania system complies with due process provided "there has been an understanding and voluntary consent of the debtor in signing the document" but (2) If there is no such understanding consent, the procedure violates due process requirements of notice and an opportunity to be heard.

A careful examination of Swarb v. Lennox, supra, teaches that the District Court granted limited relief, holding that the Pennsylvania procedure worked a denial of procedural due process only when applied to individual debtors who earned less than $10,000. annually and who entered into *non-mortgage* credit transactions, except where it is

shown prior to judgment that the waivers of such person had been knowing and voluntary.

The court further held that no judgment by confession may be entered as to a member of such limited class after November 1, 1970, unless it is shown that at the time of executing the document the debtor "intentionally, understandingly and voluntarily waived" his rights lost thereby· under Pennsylvania law.

In Overmyer, supra, and Swarb, supra, the Supreme Court of the United States noted as to both cases, "Our holding, of course, is not controlling precedent for other facts of other cases."

It is obvious in the case at bar that the nature of the transaction giving rise to the execution of the note containing the cognovit involved neither consumer financing nor consumer leasing. Accordingly, petitioners are not within the class of debtors insulated by Swarb, supra.

While we do not believe the current Pennsylvania procedure relating to the confession of money judgments will long endure,[1] such procedure is still the law of the Commonwealth under appropriate circumstances: Swarb v. Lennox, supra, at page 200; D. H. Overmyer Co., Inc., of Ohio et al. v. Frick Co., 405 U.S. 174 at 187, 31 L. Ed. 2d 124 at 135 (1972). Accordingly, the prayer of the petition to strike must be refused. In light of our ultimate decision upon the petition to open, we do not find it

---

1. In Overmyer, supra, the Supreme Court, while holding constitutional the Pennsylvania procedure permitting the entry of judgment by confession, cautioned: "[W]here the contract is one of adhesion, where there is great disparity in bargaining power, and where the debtor receives nothing for the cognovit provision, other legal consequences may ensue:" Overmyer, supra, 405 U.S. 174 at 188, 31 L. Ed. 2d 124 at 135.

necessary to consider petitioners' assertion that they did not voluntarily, knowingly or intelligently consent to a waiver of their due process rights to notice and hearing, although we believe such matter should have properly been raised in the petition to open.

## PETITION TO OPEN

A petition to open a judgment entered by confession is an equitable proceeding and is governed by equitable principles: Messick v. Mumma, 192 Pa. Superior Ct. 639, 161 A. 2d 642 (1960). Such petition is addressed to the sound discretion of the court and must establish equitable considerations appealing to the conscience of the court: Kraynick v. Hertz, 443 Pa. 105, 277 A. 2d 144 (1971).

Not only must petitioner aver such equitable considerations as will impress the court with the need for relief (Brunwasser v. Christopher, 192 Pa. Superior Ct. 305, 162 A. 2d 228 [1960]), but such petition to open a confessed judgment must also aver and set forth a valid defense: Girard Trust Bank v. Remick, 215 Pa. Superior Ct. 375, 258 A. 2d 882 (1969).

Inasmuch as the sole purpose of opening a judgment by confession is to permit the judgment debtor to assert any and all defenses he might have advanced had he not been precluded therefrom by the entry of such judgment: Poelcher v. Zink, 375 Pa. 539, 101 A. 2d 628 (1954), a party seeking to open a confessed judgment is required to show that he had a good defense to the claim upon which the judgment was founded: Wenger v. Ziegler, 424 Pa. 268, 226 A. 2d 653 (1967).

It is the duty of the court in such case to determine whether petitioner has a just defense (Al-

liance Discount Corp. v. Shaw, 195 Pa. Superior Ct. 601, 171 A. 2d 548 [1961]), and in the case of a reasonable doubt, where there has been no trial on the merits, the court's discretion should be exercised in favor of granting the petition so as to permit the determination of the controversy upon the merits: Aluminum Builders Supply Co. v. Fravel, 5 Lyc. 245 (1956); 20 P.L. Encyc. 116, §4.[2]

Against that legal background, an examination of the pleadings and depositions in the case at bar reveals that petitioner John J. Hegarty and his "partner" contacted plaintiff, a mortgage broker, in an effort to obtain a mortgage so as to enable them to acquire, equip and improve a tavern business. It appears undisputed that a series of negotiations then ensued concerning the mortgage and its terms, as well as the financial ability of petitioners, and the fee to be paid to plaintiff, culminating in the submission of a formal application for such mortgage by petitioners to plaintiff. Various documents were executed by petitioners at the request of plaintiff, including the instant note.

Beyond these generalities, the positions of the parties widely diverge. Petitioners insist they requested and plaintiff agreed to obtain a mortgage commitment for them in the principal amount of $80,000., whereas plaintiff insists that such request was for a commitment in the principal sum of only $60,000. Plaintiff points to the application signed by petitioners as proof thereof, but peti-

---

2. Although not applicable to the instant proceeding, this view is reinforced by a recent amendment to Pa. R.C.P. 2959(e), relating to striking off or opening judgments entered by confession. On and after December 1, 1973, if evidence is produced in the petition to open, the answer thereto, or testimony, depositions or otherwise, which in a trial by jury would require the issues to be submitted to the jury, the court *shall* open the judgment.

tioners aver that such application was signed in blank by them and later completed by plaintiff without their knowledge. Petitioners maintain that plaintiff proposed a fee in the sum of $1,100. for its services in the procurement of an $80,000. commitment, while plaintiff avers that petitioners readily agreed to payment of a fee equivalent to $3,600. for plaintiff's services in obtaining a $60,000. commitment.

Plaintiff avers that, pursuant to its undertaking, it procured a mortgage commitment in the principal sum of $60,000. for petitioners, thereby earning its fee. Petitioners, while admitting that plaintiff obtained a commitment in that amount, aver that the same was of no value to them and not in accordance with the assignment plaintiff undertook to perform for petitioners.

Although not so articulated, we believe petitioners aver a simple failure of consideration, endeavoring to show that the consideration for plaintiff's fee, secured in advance by the instant note, to wit, the procurement of a mortgage commitment in the sum of $80,000., was in fact never "received" by petitioners. A failure of consideration "implies that a valuable consideration, moving from the obligee to the obligor, was contemplated", but never received: Meek v. Frantz, 171 Pa. 632, 33 Atl. 413 (1895). Such allegation, if proved, has always constituted a good defense against a sealed instrument: Welch v. Sultez, 338 Pa. 583, 13 A. 2d 399 (1940); Shinn et al. v. Stemler, 158 Pa. Superior Ct. 350, 45 A. 2d 242 (1946); and see 7 Standard Pa. Pract. §77 (rev. ed.), and cases cited in footnote 12. Certainly, if such defense were proved by petitioners at a trial by jury, they might well prevail. To foreclose petitioners from such opportunity permits the single inference that justice is truly blinded by

the apparent, albeit technical, majesty of the cognovit. It might then be well said that although a plaintiff who agreed to perform services in futuro, and thereupon caused a defendant to promise to pay a fee for such services, secured by a note, and then failed to perform such services, might still exact his fee. Such theory cannot prevail, and the very suggestion that it might, unless the petitioners are here let into a defense, "impress [us] with the need for relief:" Brunwasser v. Christopher, supra.

Believing as we do that petitioners have established equitable considerations appealing to the conscience of the court and have further averred a valid defense, we enter the following

### ORDER

And now, March 1, 1974, the rule heretofore granted upon plaintiff to show cause why the judgment heretofore entered should not be stricken, is hereby discharged; and the rule heretofore granted upon plaintiff to show cause why the judgment heretofore entered should not be opened is hereby made absolute, and petitioners let into a defense.