STATE OF MAINE
CUMBERLAND, ss

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. RE-23-001

THOMAS PLATT, et al.,

      Plaintiffs

v.

                                    ORDER

SHANNON OLIVER, et al.,

      Defendants

Before the court is a motion by plaintiffs Thomas and Nancy Platt to dismiss the counterclaim filed by defendants Shannon Oliver and Hello Doggie LLC on the grounds that (1) the counterclaim fails to state a cognizable claim and (2) the counterclaim is barred by Maine's anti-SLAPP statute, 14 M.R.S. § 556.

The Platts' complaint asserts claims of common law and statutory nuisance against Oliver and Hello Doggie (collectively, "Oliver") based on Oliver's operation of a kennel and canine day care facility in the town of Casco which allegedly subjects the Platts, owners of neighboring properties, to unreasonable noise and other disturbance. Oliver then counterclaimed for nuisance against the Platts, alleging that the Platts have made a series of unfounded complaints to the town authorities that have resulted in multiple intrusions and unreasonable interference with Oliver's home and the operation of her business.

One issue in the case involves the status of Oliver's kennel under the Town of Casco's zoning ordinance. Oliver's counterclaim alleges that Oliver obtained a license to operate a boarding kennel from the Maine Department of Agriculture, Conservation, and Forestry and that the Town

**Plaintiffs-Cameron Ferrante, Esq.**
**Defendants-Jacqueline Gomes, Esq.**

REC'D CUMB CLERKS OF(
MAY 30 '23 PM12:18

subsequently approved her business.[1] Oliver further alleges, however, that in response to allegedly unfounded complaints by the Platts, the Town subsequently issued Oliver with a notice of zoning code violation, from which Oliver had filed an appeal.

After the Platts' motion was fully briefed, the Platts filed a motion for leave to file a surreply – really a supplemental motion to bring new facts to the attention of the court – to advise the court that Oliver had subsequently dismissed her appeal from the notice of violation. That motion was not opposed by counsel for Oliver. In a telephone conference on May 23, 2023, counsel for Oliver acknowledged that the zoning violation appeal had been withdrawn but stated that Oliver intended to file a petition for a variance. Counsel for both parties agreed that there remains a live dispute between the parties and that the court should decide the pending motion to dismiss.

Anti-SLAPP Statute

Because 14 M.R.S. § 556 provides that anti-SLAPP motions shall be advanced on the docket and receive priority when the interests of justice so require, the court will address the anti-SLAPP motion first.

While it is probably not an understatement to state that in some cases the Maine anti-SLAPP statute has bedeviled the courts charged with interpreting it, *see Thurlow v. Nelson,* 2021 ME 58 ¶¶ 11-19, 263 A.3d 494, this case appears to present a relatively straightforward application of the statute as interpreted by the Law Court in its most recent cases.

The first step is to determine whether the claims asserted against the Platts are based on the Platts' exercise of the right to petition pursuant to the federal or state constitution. *Thurlow,* 2021

---

[1] A copy of an approved building permit is annexed to Oliver's opposition to the Platts' motion to dismiss.

2

ME 58 ¶ 12. If so, the motion shall be granted unless Oliver has presented "prima facie evidence" that at least one of the Platts' petitioning activities was "devoid of any reasonable factual support or any arguable basis in law and caused actual injury to [Oliver]." *Id.* ¶ 19.

Oliver's nuisance claim against the Platts is based on their repeated (although allegedly unfounded) complaints to the town code enforcement and animal control officers. Those complaints, whether unfounded or not, constitute the exercise of the Platts' right of petition as defined in the final paragraph of 14 M.R.S. § 556.[2] The remaining question is whether Oliver has presented prima facie evidence that the Platts' complaints to town authorities were devoid of any reasonable factual or legal support and have caused actual injury to Oliver.

On the issue of whether there has been a sufficient showing that petitioning activities were devoid of reasonable factual support, the Law Court has looked to the showing made through "pleadings and affidavits." *See Weinstein v. Old Orchard Beach Family Dentistry,* 2022 ME 16 ¶ 5, 271 A.3d 758. In *Thurlow* the Court found that Thurlow's "detailed affidavit," in conjunction with his complaint, provided adequate prima facie evidence why the complaints made by his adversaries were devoid of reasonable factual support. 2021 ME 58 ¶¶ 27-28.

In this case neither party has submitted affidavits. The court has before it only the Platts' allegations that they were subjected to excessive and unreasonable barking noise and Oliver's denial that any excessive noise or disturbance has been generated by dogs on her property. The court cannot decide on this record whether excessive or unreasonable noise has or has not been generated by dogs on Oliver's property. For purposes of this motion, however, Oliver has not

---

[2] Oliver's counterclaim also states that the Platts have also made unfounded complaints to Oliver's landlord of excessive barking noise and that those complaints similarly resulted in disruptions and interference with her business. It does not appear that complaints to a landlord constitute petitioning activity under the anti-SLAPP statute. Oliver's claims about complaints to her landlord will be considered under Rule 12(b)(6).

3

presented "prima facie evidence" that the Platts' complaints of excessive noise were devoid of any reasonable factual support. Indeed, regardless of whether the Platts' excessive noise complaints were unfounded, their complaint that the kennel violates the town zoning code has been substantiated.

In addition, Oliver has not presented prima facie evidence that the Platts' complaints have caused "actual injury" to Oliver, as interpreted to mean "a reasonably certain monetary valuation" of the injury allegedly suffered. *Weinstein v. Old Orchard Beach Family Dentistry*, 2022 ME 16 ¶ 7, quoting *Desjardins v. Reynolds*, 2017 ME 99 ¶ 14, 162 A.2d 228. Oliver's counterclaim seeks relief in the form of an order that the Platts abate the alleged nuisance and an injunction against further unfounded complaints. It nowhere specifies any monetary damages. Oliver's opposition to the anti-SLAPP motion refers to the potential loss of her business and her need to retain counsel but has submitted no supporting evidence. In any event, a bare reference to retention of counsel is insufficient, and the court cannot consider allegations of injury not raised in the counterclaim. *See Weinstein v. Old Orchard Beach Family Dentistry*, 2022 ME 16 ¶¶ 13-14.[3]

Failure to State a Claim

That leaves Oliver's allegations that the Platts also made unfounded complaints to her landlord resulting in interference with Oliver's home and business. However, those claims are not cognizable as statutory nuisance claims because they do not fit within any of the categories specified in 17 M.R.S. § 2802. Complaints to landlords, even if unfounded, also do not constitute a basis for common law nuisance. Under Maine law, a plaintiff must demonstrate as substantial interference

---

[3] In her opposition to the Platts' anti-SLAPP motion, Oliver asks that even though she has not sought leave to amend her counterclaim to allege monetary injury, she be allowed to do so in the future. Because she has failed to present prima facie evidence that the Platts' complaints were devoid of factual support, the court does not have to address this request.

with their use and enjoyment of their property. In this case, the alleged nuisance does not affect the physical condition of Oliver's land, and mere annoyance cannot amount to unreasonable interference until it results in depreciation in the market or rental value of the land. *See Charlton v. Town of Oxford*, 2001 ME 104 ¶¶ 34, 38, 774 A.2d 366; *West v. Jewett & Noonan Transportation Co.*, 2018 ME 98 ¶¶ 15-16, 189 A.3d 277. Oliver does not allege anything more than annoyance and distraction resulting from the complaints to her landlord. This is insufficient to constitute a cognizable claim of common law nuisance.

Accordingly, to the extent not subject to dismissal under 14 M.R.S. § 556, Oliver's counterclaim fails to state a claim on which relief may be granted.

Attorney's Fees

14 M.R.S. § 556 provides that if an anti-SLAPP motion is successful, a court may award the moving party costs and attorney's fees. In this case, an award of attorney's fees would potentially apply to the portion of the Platts' motion seeking dismissal of the counterclaim based on the anti-SLAPP statute. The Platts may file a motion for costs and at attorney's fees within 21 days and, after considering any opposition from Oliver, the court shall consider whether to exercise its discretion to award costs and attorney's fees and, if so, the appropriate amount to be awarded.

The entry shall be:

Plaintiff's motion to dismiss defendants' counterclaim is granted. The clerk shall incorporate this order in the docket by reference pursuant to Rule 79(a).

Dated: May 30, 2023

Thomas D. Warren
Active Retired Justice, Superior Court

Entered on the Docket: 05/30/2023